■ In the Matter of PATRICK HENRY et al., Appellants, v NEW YORK STATE COMMISSION OF INVESTIGATION et al., Respondents.—In a proceeding pursuant to CPLR articles 30 and 78 seeking declaratory and injunctive relief, *inter alia,* to limit the respondents' activities in connection with an investigation of the Office of the Suffolk County District Attorney and the Suffolk County Police Department, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated June 20, 1988, which granted the respondents' motion to dismiss the petition.

Ordered that the judgment is affirmed, without costs or disbursements, for reasons stated by Justice Mullen in his memorandum decision entered June 23, 1988. In so doing, we would reiterate Justice Mullen's admonition to the respondents that in carrying out their statutory responsibilities they be ever mindful of "the right of every individual to his good

name and reputation and the right not to be unjustly 'accused' ". While the respondents are mandated by the enabling legislation by which the Temporary Commission of Investigation of the State of New York, sued here as the New York State Commission of Investigation (hereinafter the Commission) was established to "keep the public informed as to the * * * problems of criminal law enforcement in the state" (McKinney's Uncons Laws of NY § 7502 [10]), it must be recognized that such mandate exists, *inter alia,* for the purpose of maintaining public confidence in the Commission and its activities, an aim to be encouraged "[only] so far as that object can be attained without injustice to the persons immediately concerned" *(Estes v Texas,* 381 US 532, 542, quoting 2 Cooley, Constitutional Limitations ch XII, at 931 [Carrington 8th ed 1927]). Brown, J. P., Kunzeman, Rubin and Eiber, JJ., concur.