■ In the Matter of JOSEPH J. CATANZARO et al., Respondents, v CITY OF BUFFALO et al., Respondents, and KAREN S. BURSTEIN et al., Constituting the New York State Civil Service Commission, Appellants. (Appeal No. 2.)—Judgment unanimously modified on the law and as modified affirmed without costs and petition dismissed, in accordance with the following memorandum: These consolidated CPLR article 78 proceedings arise out of a short-lived conflict between New York's statutory prohibition against the hiring of police officers who are "more than twenty-nine years of age" (Civil Service Law § 58 [1] [a]) and the Federal Age Discrimination in Employment

Act (ADEA; 29 USC §§ 621-634). In August 1985, in *Hahn v City of Buffalo* (770 F2d 12, *affg* 596 F Supp 939), the Second Circuit affirmed a judgment invalidating section 58 (1) (a) as applied to individuals between the ages of 40 and 70. In March 1986, the Second Circuit, in *Doyle v Suffolk County* (786 F2d 523, *cert denied* 479 US 825), held that the portion of section 58 (1) (a) which was invalidated by *Hahn* was severable from the remaining portion and that the severed statute did not violate the Equal Protection Clause of the United States Constitution. Thus, under the holding in *Doyle,* those aged 40 to 70 were eligible for appointment to police officer positions, while those aged 29 to 39 were not. Effective January 1, 1987, however, the ADEA was amended to exempt law enforcement positions from its provisions.

Petitioners herein were all police officer applicants who were between the ages of 29 and 39 in 1986, and whose names were removed from eligibility lists as a result of the Second Circuit decision in *Doyle (see, Doyle v Suffolk County, supra).* Although, as respondents argue, several petitioners have failed to establish that they have a " *'legally protectible interest' " (Matter of Deas v Levitt,* 73 NY2d 525, 532, *cert denied* — US —, 107 L Ed 2d 314), the record discloses that some petitioners may have a valid property interest to be considered and thus we address the substantive issues raised on appeal.

While Supreme Court correctly concluded that the severability of a State statute is a question of State law *(see, People v Mancuso,* 255 NY 463, 472; *see also, Matter of Westinghouse Elec. Corp. v Tully,* 63 NY2d 191, 196), we reject the court's conclusion that the portion of section 58 (1) (a) which was not invalidated by the ADEA was not severable from the invalid portion *(see, Doyle v Suffolk County, supra).* We conclude that "the legislature, if partial invalidity had been foreseen, would have wished the statute to be enforced with the invalid part exscinded" *(People ex rel. Alpha Portland Cement Co. v Knapp,* 230 NY 48, 60). That view is in accord with the view of the Second Circuit in *Doyle v Suffolk County (supra,* at 528-529).

Moreover, we reject petitioners' argument that the statute, as it remains after severance, violates the equal protection requirements of the United States and New York State Constitutions. The Second Circuit concluded that the severed statute does not violate the Equal Protection Clause of the United States Constitution *(see, Doyle v Suffolk County, supra,* at 529). We agree, and we further conclude that there has been no showing that the severed statute is irrational under

the New York State Constitution *(see generally, Knapp v Monroe County Civ. Serv. Commn.,* 77 AD2d 817, *lv denied* 51 NY2d 708; *Whitehair v Civil Serv. Commn.,* 56 AD2d 711).

Accordingly, the judgment of Supreme Court should be modified to dismiss the petition of every petitioner. (Appeal from judgment of Supreme Court, Erie County, McGowan, J.—art 78.) Present—Dillon, P. J., Denman, Green, Pine and Lowery, JJ. *[See,* 143 Misc 2d 1054.]