■ MAYOR OF THE CITY OF NEW YORK, Respondent, v COUNCIL OF THE CITY OF NEW YORK, Appellant. [651 NYS2d 531] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about June 30, 1995, which granted New York County District Attorney Robert Morgenthau's motion to appear as *amicus curiae*, granted plaintiff's cross motion for summary judgment, denied defendant's motion for summary judgment, dismissed defendant's counterclaim and declared that Local Laws, 1995, No. 13 of the City of New York is invalid and that plaintiff and municipal agencies are under no obligation to abide by its terms, unanimously affirmed, without costs.

The Mayor has sole power to appoint "all * * * officers not elected by the people, except as otherwise provided by law" (NY City Charter § 6 [a]). The proposed Independent Police Investigation and Audit Board would not be a "purely investigative" body (*Matter of Henry v New York State Commn. of Investigation*, 141 Misc 2d 849, 857-858, *affd* 143 AD2d 914) and its members would constitute officers, which in the analogous context of Civil Service Law § 75 requires only "that some sovereign power, whether great or small, be exercised in the position" (*Matter of Nolan v Tully*, 52 AD2d 295, 298, *lv denied* 40 NY2d 803, *appeal dismissed* 40 NY2d 844). Since defendant Council would "limit or impair" protected powers of plaintiff Mayor (*Quigley v City of Oswego*, 71 AD2d 795, *lv denied* 48 NY2d 607), the enactment "impinge[s]" upon a statutory exec-

utive function (*see*, *Matter of Sacco v Maruca*, 175 AD2d 578, 579, *lv denied* 78 NY2d 862), and an executive power has been transferred within the meaning of Municipal Home Rule Law § 23 (2) (f). The IAS Court properly held that defendant cannot, by enactment, force plaintiff to share statutory power (*see*, *e.g.*, *Matter of Heeran v Scully*, 254 NY 344; *Neils v City of Yonkers*, 38 Misc 2d 691, 697). We decline to sever any portion of Local Law 13 inasmuch as we do not find that, " 'if partial invalidity had been foreseen,' " defendant " 'would have wished the [Local Law] to be enforced with the invalid part exscinded' " (*Association of Surrogates & Supreme Ct. Reporters v State of New York*, 79 NY2d 39, 47-48). Knowing the Mayor's objection to Local Law 13 because of its shared power of appointment, the Council nevertheless overrode his veto and adopted Local Law 13 without a severability clause. In such circumstances, it cannot be credibly argued that it would have wanted the invalid part excised. Concur—Sullivan, J. P., Wallach, Williams and Tom, JJ.