■ MAYOR OF THE CITY OF NEW YORK et al., Appellants, v COUNCIL OF THE CITY OF NEW YORK, Respondent. [721 NYS2d 39] —Order, Supreme Court, New York County (Richard Braun, J.), entered September 3, 1999, which, *inter alia*, granted defendant's motion for summary judgment to the extent of declaring Local Laws, 1997, No. 1 of the City of New York valid, lawful, and in full force and effect, and denied plaintiffs' cross-motion for a judgment declaring such law invalid and enjoining its operation and implementation, unanimously reversed, on the law, without costs, the motion denied, the cross-motion granted, and a declaration issued that Local Law 91 of 1997 is invalid.

In *Mayor of City of N. Y. v Council of City of N. Y.* (235 AD2d 230, *lv denied* 89 NY2d 815), we invalidated Local Laws, 1995, No. 13 of the City of New York, finding that it improperly impaired the Mayor's appointment power by vesting in the Council the right to appoint two members of a police investigatory board (*see, id.*; NY City Charter § 6 [a]). Seeking to correct this flaw, Local Law 91 of 1997 was enacted.

The investigatory board created by the 1997 enactment would, like its precursor, have five members. In establishing membership on the board, section 2 of the law (adding NY City Charter § 450) provides that "(i) two members shall be appointed by the mayor; (ii) two members shall be designated by the city council; and (iii) the chair shall be appointed by the mayor after consultation with the speaker of the council." According to the Council, this method of selection remedies the previous defect because, while the Council designates two members of the board, the Mayor retains the ultimate authority to appoint these designees and may, if he chooses, refuse to make an appointment until the proposed designees meet with his approval. We disagree.

Municipal Home Rule Law § 23 (2) (f) and New York City

Charter § 38 (5) require a local law to be submitted to voters at a general election where the law "transfers or curtails any power of an elective officer." The City Charter, in turn, provides the Mayor with the power to "appoint the heads of administrations, departments, all commissioners and all other officers not elected by the people, except as otherwise provided by law" (NY City Charter § 6 [a]). As conceded by the Council, the members of the proposed board would be considered officers for purposes of the Charter. As further conceded by the Council, where a power of appointment is subject to the advice and consent of the Council, a referendum is required.

Bearing these principles in mind, it is clear that the method of appointment established by Local Law 91 is nothing more than a process in which the Mayor's appointment is subject to the Council's advice and consent. The fact that the Council's "approval precedes instead of succeeds the action of the appointing power [here, the Mayor] makes no difference." (*Matter of Kane v Gaynor*, 144 App Div 196, 206 [Burr, J., concurring], *affd on concurring opn* 202 NY 615.) In the end, the Mayor's discretion to appoint board members is circumscribed to a limited universe of applicants designated by the Council, thereby curtailing his power of appointment. This curtailment is a fatal flaw in Local Law 91 since an enactment that curtails any power of an elected official is inoperative unless subject to a referendum (*see, Morin v Foster*, 45 NY2d 287). Accordingly, we are compelled to conclude that Local Law 91 of 1997 is invalid.

To the extent the Council argues that the defective appointment mechanism should be severed, leaving the balance of the law intact, we decline to do so. The appointment process established by Local Law 91 reflects the Council's desire to create a board that was, at least to some extent, independent of the Mayor and the Police Department, and in which it would retain some role. Severing the provisions at issue, thereby leaving the Mayor with the sole right of appointment, would strike at the essence of the enactment and be inconsistent with the Council's obvious intent in adopting the law. This being so, we believe that severance is unwarranted (*see, Association of Surrogates & Supreme Ct. Reporters v State of New York*, 79 NY2d 39, 47-48).

In view of the foregoing, we do not reach the parties' remaining contentions. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.