■ HECTOR B. RICKETTS et al., Appellants-Respondents, v CITY OF NEW YORK et al., Respondents, and COUNCIL OF THE CITY OF NEW YORK, Respondent-Appellant, et al., Defendants. [722 NYS2d 25] —Order and judgment (one paper), Supreme Court, New York County (Louis York, J.), entered May 12, 2000, which, to the extent appealed from, partly granted and partly denied plaintiffs' motion for partial summary judgment and partly granted and partly denied the cross motion for partial summary judgment of defendant Council of the City of New York, unanimously affirmed, without costs.

The motion court properly determined that plaintiffs had failed to overcome or raise any triable issue as to the presumption of constitutional validity attending Local Laws, 1993, No. 115 of the City of New York ([Local Law 115] amending Administrative Code of City of NY, tit 19, ch 5), which prohibits commuter vans from dropping off and picking up passengers on bus routes and requires all commuter van passenger service to be performed on a prearranged basis, since the challenged Local Law provisions bear a rational relationship to a legitimate governmental purpose, i.e., the regulation of transportation modalities and the prevention of conditions dangerous to the public welfare (*see, Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11-12; *see also, Town of North Hempstead v Exxon Corp.*, 53 NY2d 747). The court also properly determined that the legislation's "grandfather" provision was not inconsistent with the State Enabling Act (Transportation Law § 80 [5] [a] [1] [iii]).

The call-up provision of Local Law 115 § 7 (Administrative Code § 19-504.2 [f]), however, which grants the City Council the authority to veto a final determination of a City agency, was properly invalidated since it violates the State Enabling Act, the Municipal Home Rule Law and the City Charter (*see, Consolidated Edison Co. v Town of Red Hook*, 60 NY2d 99; *Mayor of City of New York v Council of City of New York*, 235 AD2d 230, *lv denied* 89 NY2d 815). Nonetheless, as the motion court found, the invalid provision may be severed without compromising the core intent of the overall legislation (*cf., Mayor of City of New York v Council of City of New York, supra*).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Williams, Mazzarelli and Friedman, JJ.