■ In the Matter of ENNIO MUNNO, Respondent, v TOWN OF ORANGETOWN et al., Appellants. [786 NYS2d 576]—

In a hybrid proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration and an action for a judgment declaring, among other things, that the disciplinary proceeding instituted against the petitioner was time-barred, the Town of Orangetown and the Town Board of the Town of Orangetown appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated August 15, 2003, as, upon an order of the same court dated August 1, 2003, granting that branch of the petitioner's motion which was for summary judgment declaring that the disciplinary proceeding against him was time-barred, permanently stayed arbitration and reinstated the petitioner to his former position as a police officer in the Town of Orangetown Police Department.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petitioner's motion which was for summary judgment is denied, the order dated August 1, 2003, is modified accordingly, and, upon searching the record, the Town of Orangetown and the Town Board of the Town of Orangetown are awarded summary judgment and it is declared that the disciplinary proceeding instituted by the Town of Orangetown Police Department against the petitioner was timely commenced.

The resolution of this appeal turns on the narrow issue of

whether notice of disciplinary charges given to the petitioner in a memorandum dated June 25, 2002 (hereinafter the June 25th notice), from the Town of Orangetown Police Department (hereinafter the Department), Chief of Police (hereinafter the Chief), and notice of amended charges given to him in a memorandum dated July 16, 2002 (hereinafter the July 16th notice), from the Chief satisfied the requirement of the Rockland County Police Act (L 1936, ch 526, § 7; hereinafter the Act) that disciplinary charges against a police officer be "brought" no more than 60 days after the time when the facts upon which such charges are based are known to the town board of the town where the police department has been established. We find that these notices were sufficient and that the disciplinary proceeding against the petitioner was timely commenced under the Act.

On or about May 2, 2002, the Department received a complaint from a female civilian against the petitioner, a police officer with the Department. On May 17, 2002, after an internal investigation, the Department examined the petitioner under oath concerning the complaint. Pursuant to the June 25th notice, the Chief notified the petitioner that "[i]n accordance with the provisions of the Collective Bargaining Agreement between the Town of Orangetown and the Orangetown PBA, you are hereby advised that I propose to commence Disciplinary Action against you under the provisions of Article 15 of the agreement." The notice listed 20 separately-numbered "proposed charges," and set forth, for each, the alleged conduct, the date it occurred, and the provision of the General Orders of the Orangetown Police Department that the alleged conduct violated. The notice also advised the petitioner of his rights under the collective bargaining agreement (hereinafter the CBA) to meet and discuss a voluntary resolution of the charges within seven days following service of the notice, and warned that a failure to do so would result in a formal disciplinary hearing on the charges that could result in a fine, suspension without pay, or dismissal from the Department. The July 16th notice amended the charges of the June 25th notice to include five additional "proposed charges" arising from alleged conduct by the petitioner at his examination under oath on May 17, 2002.

By letter dated July 24, 2002, Richard P. Bunyan, the petitioner's counsel, forwarded the petitioner's answers to the charges made in the June 25th and the July 16th notices (hereinafter collectively referred to as the initial notices), respectively, in which he denied the allegations.

After efforts to resolve the charges voluntarily failed, and the petitioner exercised his option under the CBA to proceed by

contractual arbitration, the Chief served a second set of notices on him, dated July 24, 2002, and July 25, 2002, respectively (hereinafter collectively referred to as the later notices). The later notices were identical to the initial notices, with the exception that the charges in the later notices were no longer described as "proposed" charges.

On October 9, 2002, the petitioner commenced this hybrid proceeding, inter alia, pursuant to CPLR article 75, to permanently stay arbitration and an action for a judgment declaring, among other things, that the disciplinary proceeding instituted against him was time-barred. The petitioner argued that the proceeding was not timely commenced under the Act because the Town Board of the Town of Orangetown (hereinafter the Town Board) had knowledge of the facts giving rise to the charges no later than May 17, 2002, and he was not given notice of the *"actual* disciplinary charges" until the later notices. The petitioner asserted that the initial notices were "only proposed charges" or "mere[ ] notices of intention to file charges," and thus, were insufficient to satisfy the Act. The Supreme Court agreed, and, upon granting that branch of the petitioner's motion which was for summary judgment declaring that the disciplinary proceeding against him was time-barred, permanently stayed arbitration and reinstated him to his former position as a police officer. We reverse.

In relevant part, the Rockland County Police Act provides as follows: "The town board shall have the power and authority to adopt and make rules and regulations for the examination, hearing, investigation and determination of charges, made or preferred against any member or members of such police department. Except as otherwise provided by law, no member or members of such police department shall be fined, reprimanded, removed or dismissed until written charges shall have been examined, heard and investigated in such manner or by such procedure, practice, examination and investigation as the board, by rules and regulations from time to time may prescribe. Such charges shall not be brought more than sixty days after the time when the facts upon which such charges are based are known to the town board." (L 1936, ch 526, § 7.)

As a threshold issue, the petition did not directly address when the Town Board became aware of the facts upon which the charges against the petitioner were based. Rather, characterizing the Department as "agents" of the Town Board, the petitioner asserted that the Town Board had such knowledge no later than May 17, 2002, the date he was questioned under oath by his superiors concerning the charges. Although the appel-

lants presented evidence that the Town Board was not told of the allegations against the petitioner until a meeting on May 20, 2002, they did not argue this point. However, this discrepancy need not be resolved, as charges were timely brought against the petitioner under the Act even if the May 17, 2002, date is adopted.

The petitioner did not assert that the Town Board exercised its authority under the Act to promulgate a rule or regulation addressing when charges are "brought" within the meaning of the Act. Rather, the petitioner argues that the Town Board adopted the procedures set forth in the CBA to govern a disciplinary proceeding against a police officer. The appellants did not address this argument. However, the CBA does not purport to address when charges are "brought" within the meaning of the Act. Thus, the petitioner's argument that the charges were untimely under the Act was not premised on a violation of a specific rule or regulation, or provision of the CBA. Rather, his argument is based on a construction of the plain meaning of the Act. Upon our reading of the Act, we find that the requirement that charges be "brought" simply means that a police officer is given notice by or on behalf of the town board that he or she is being charged with conduct which, if proven, could result in disciplinary action. Here, this occurred when the petitioner received the initial notices. The petitioner's assertion that the initial notices were not "actual" charges and did not commence a disciplinary proceeding against him is not supported by the record and is belied by his own conduct. Significantly, in response to the initial notices, the petitioner engaged counsel and interposed answers. Further, in both the answers and the letter from Bunyan accompanying them, the notices were characterized as "charges." There is no evidence that the petitioner deemed these initial notices, in effect, a mere prelude to "actual" charges and the commencement of a disciplinary proceeding against him. Similarly, the CBA, which the petitioner argues controls the procedural aspects of this disciplinary proceeding, does not contain any provision for a preliminary proceeding prior to "actual" charges and an "actual" proceeding. For example, although the CBA provides for the service of a second set of charges when an officer is suspended, the parties cannot voluntarily resolve the charges, and the police officer must exercise his or her option to proceed by way of contractual arbitration. Nothing in the CBA indicates that a proceeding is not "actually" commenced under such circumstances until the service of this second set of charges. Rather, the CBA provides for a multi-stepped yet single disciplinary proceeding commenced by the service of the initial

proposed charges. Thus, nothing in the CBA supports an argument that charges were not "brought" within the meaning of the Act until the later notices were sent.

The petitioner's remaining arguments regarding the validity of the initial notices are without merit. Accordingly, since charges were "brought" against the petitioner within the meaning of the Act by the initial notices, and these notices were sent within 60 days of May 17, 2002, the date the petitioner asserted was the date on which the Town Board had notice of the facts giving rise to the charges, the disciplinary proceeding against him was timely commenced under the Act (*cf. Matter of Callanan v Police Commn. for Town of Clarkstown,* 2 AD3d 442 [2003]). Prudenti, P.J., Ritter, Spolzino and Lifson, JJ., concur.