■ In the Matter of JAMES D. COSCETTE, Respondent, v TOWN OF WALLKILL, Appellant. [795 NYS2d 628]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Wallkill dated December 20, 2001, which, after a hearing, terminated the petitioner's employment as the Chief of the Wallkill Police Department, the appeal is from an amended order of the Supreme Court, Westchester County (Dickerson, J.), entered January 12, 2004, which granted the petition and vacated the determination, remitted the matter for a new hearing, and directed the Town of Wallkill to provide the petitioner with a bill of particulars.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the amended order is reversed, on the law and the facts, with costs, the determination is reinstated, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

This proceeding pursuant to CPLR article 78 and a prior civil action arose out of the petitioner's alleged misconduct as Chief of the Wallkill Police Department. In the prior action, Officer Ari Moskowitz alleged, inter alia, that the petitioner discriminated against him in the course of his employment, and after a jury trial, the jury rendered a verdict in favor of Officer Moskowitz. The appellant, Town of Wallkill, subsequently filed disciplinary charges against the petitioner based, among other

things, on his discrimination against Officer Moskowitz. After a hearing, the appellant terminated the petitioner's employment, upon the Hearing Officer's recommendation, and the petitioner commenced this CPLR article 78 proceeding to vacate that determination.

The Supreme Court, inter alia, granted the petition to vacate the Hearing Officer's determination on the grounds that the Hearing Officer failed to make independent findings of fact, and the appellant failed to give the petitioner adequate notice of the charges through a bill of particulars. We reverse.

Contrary to the petitioner's contention, the Hearing Officer was entitled to afford collateral estoppel effect to the factual findings in the prior action, since the issue of whether the petitioner discriminated against Officer Moskowitz was raised in the earlier action, and the petitioner had a full and fair opportunity to litigate the issue (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]).

In addition, the notice of the charges against the petitioner was sufficient (*see Matter of Block v Ambach*, 73 NY2d 323 [1989]), and the Hearing Officer's determination was supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]).

Further, we have not considered the petitioner's contention that the appellant untimely filed the subject disciplinary charges against him. The petitioner failed to appeal from so much of a judgment of the same court (Peter C. Patsalos, J.), dated July 20, 2000, in an earlier, related proceeding (*see Matter of Coscette v Town of Wallkill*, 281 AD2d 479 [2001]) as dismissed that claim as abandoned.

The appellant's remaining contentions are without merit. H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.