[824 NYS2d 366]

In the Matter of ALEXANDER GIZZO, Appellant, v TOWN OF MAM-
ARONECK et al., Respondents.

Second Department, November 8, 2006

APPEARANCES OF COUNSEL

*Lovett & Gould, LLP*, White Plains (*Jonathan Lovett* and *Drita Nicaj* of counsel), for appellant.

*Grotta, Glassman & Hoffman, P.C.*, New York City (*Bruce R. Millman, Lisa M. Brauner* and *Craig R. Benson* of counsel), for respondents.

## OPINION OF THE COURT

SPOLZINO, J.

The Westchester County Police Act (L 1936, ch 104, as amended by L 1941, ch 812) (hereinafter the Act) provides, among other things, that proceedings to discipline police officers employed by the towns in Westchester County be conducted by the boards of police commissioners of the towns. This appeal, which involves a challenge to the termination, after a hearing, of the petitioner's employment as a police officer of the Town of Mamaroneck (hereinafter the Town), requires that we decide whether the Town, which is subject to the Act, may by local law alter the terms of the Act insofar as they apply to the Town, by providing that such disciplinary hearings shall be conducted by a hearing officer designated by the Board of Police Commissioners and, if so, whether the local law was subject to a mandatory referendum. The Supreme Court determined that the local law

in issue was a valid exercise of the Town's authority, even though no referendum was held. We affirm.

In 1995, the petitioner, a police officer employed by the Town, was placed on leave pursuant to General Municipal Law § 207-c as a result of a duty-related injury. In 2002 the Chief of Police preferred disciplinary charges against him alleging, among other things, that he had remained out of work for a substantial period of time despite his ability to work a light-duty assignment. The Board of Police Commissioners (hereinafter the commissioners) appointed a hearing officer, who held a hearing, made findings of fact, and recommended that the petitioner be discharged. The commissioners followed the hearing officer's recommendation and terminated the petitioner's employment.

The petitioner then commenced this proceeding pursuant to CPLR article 78 alleging that the Town Board was without authority to alter the terms of the Act, that even if the Town Board had such authority, the local law was a nullity and the hearing officer was consequently without power to conduct the disciplinary hearing because the local law was never approved by the Town's voters in a referendum, and that the disciplinary proceedings were, in any event, procedurally defective. The petitioner does not contest, however, the factual determinations on which the decision to terminate his employment was based or the judgment that termination was an appropriate sanction.

The Act authorizes the establishment of police departments in the towns within the county of Westchester, and provides for their governance by a board of police commissioners, consisting of the elected members of the town board, unless they should choose to appoint a separate board of police commissioners (see Westchester County Police Act §§ 1, 2). Since the Town Board has not made such a choice, the elected members of the Town Board are also the commissioners. Among the powers granted to the commissioners is the authority to discipline the Town's police officers (see Westchester County Police Act § 7). Critical to the issues presented here, however, the Act provides, in relevant part, that

> "the trial of such charges shall not be delegated and must be heard before the full town board or full board of police commissioners or a majority of the members of either of such boards, and the affirmative vote of a majority of such members shall be necessary for a conviction on any such charges" (Westchester County Police Act § 7).

In 1995, the Town Board adopted Local Law No. 7 of 1995 (hereinafter the local law), which purported to alter these requirements. Specifically, the local law, which was codified as article II of chapter 32 of the Code of the Town of Mamaroneck (hereinafter the Town Code), provides that "[t]he Board of Police Commissioners shall have all of the powers and duties granted to a Board of Police Commissioners under Chapter 104 of the Laws of 1936, as amended, except to the extent those powers or duties are otherwise delegated to the Chief of Police by this Article" (Town Code § 32-7), but that "[t]he Chief of Police shall . . . discipline . . . members of the Department . . . subject to approval by the Board of Police Commissioners" (Town Code § 32-8 [A]), and that "[a]ll such charges shall be heard by a hearing officer appointed by the Board of Police Commissioners" (Town Code § 32-8 [D]).

■ The petitioner's claim that the Town Board was without authority to vary the terms of the Act by local law is without merit. A town is empowered to adopt local laws relating to its property, affairs, and government, as long as those laws are not inconsistent with the terms of the Constitution of the State of New York or any "general law" of the State (Municipal Home Rule Law § 10 [1] [i]; *see* NY Const, art IX, § 2 [c] [i]). There is no similar requirement that a local law be consistent with a "special law" enacted by the Legislature. A "special law" may thus be superseded by a validly enacted local law (*see Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau,* 113 AD2d 741, 743 [1985]; *see also* Municipal Home Rule Law § 10 [1] [i]; § 35 [4]). Moreover, a town is further empowered to adopt local laws with respect to the removal of its employees, subject to the requirement of consistency with the Constitution and general laws, and provided that the Legislature has not expressly restricted the adoption of such a local law (NY Const, art IX, § 2 [c] [ii] [1]; Municipal Home Rule Law § 10 [1] [ii] [a] [1]).

The term "general law" is a term of art, having a specifically defined meaning within the Municipal Home Rule Law. In that context, a general law is "[a] state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages" (Municipal Home Rule Law § 2 [5]). A "special law," by contrast, is "[a] state statute which in terms and in effect applies to one or more, but not all, counties, counties other than those wholly included within a city, cit-

ies, towns or villages" (Municipal Home Rule Law § 2 [12]). The Act applies to towns only within the County of Westchester (see Westchester County Police Act § 1), and is therefore a special law, and not a general law, as those terms are defined in the Municipal Home Rule Law (see *Matter of Park v Kapica,* 25 AD3d 801, 802 [2006]; *Matter of Town of Greenburgh [Police Assn. of Town of Greenburgh],* 94 AD2d 771 [1983]). As such, it may be superseded by a validly-enacted local law, unless other factors, discussed below, are present (see *Landmark Colony at Oyster Bay v Board of Supervisors of County of Nassau, supra* at 743). Because those factors are not present here, the local law was a valid exercise of the Town Board's lawmaking authority.

A local law that is within the scope of the legislative authority granted to a municipality by the Constitution and the Municipal Home Rule Law is nonetheless an impermissible exercise of that authority when it encroaches upon an area of special state concern in which local legislation has been preempted (see *Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372, 377 [1989]). There is no express prohibition at issue here, but preemption may arise implicitly, as well, "from the nature of the subject matter being regulated and the purpose and scope of the State legislative scheme" (*Vatore v Commissioner of Consumer Affairs of City of N.Y.,* 83 NY2d 645, 649 [1994]; see *New York State Club Assn. v City of New York,* 69 NY2d 211, 217 [1987]; *Consolidated Edison Co. of N.Y. v Town of Red Hook,* 60 NY2d 99 [1983]). The Court of Appeals has recently held, however, that "the Legislature has [explicitly] committed disciplinary authority over a police department to local officials" (*Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd.,* 6 NY3d 563, 570 [2006]). Thus, there is no implied preemption here and the Town Board acted within its authority when it adopted the local law.

Even a law within the competence of the local legislative body, however, is subject to a mandatory public referendum if it transfers or curtails the powers of an elected official (see Municipal Home Rule Law § 23 [2] [f]). Where a referendum is required, but is not held, the local law is invalid (see *Mayor of City of N.Y. v Council of City of N.Y.,* 280 AD2d 380 [2001]; *Mayor of City of N.Y. v Council of City of N.Y.,* 235 AD2d 230 [1997]). The local law at issue did not provide for a referen-

dum. The issue is whether the local law effected a transfer that brings it within the meaning of the referendum provision.

■ By providing that disciplinary charges against a Town police officer "shall" be heard by an officer appointed by the commissioners, rather than "may" be so heard, the local law arguably "transfers or curtails" the power of the commissioners to hold the hearing themselves. The respondents contend, however, that the petitioner is without standing to raise this argument since, as a nonresident of the Town, he would not have been permitted to participate in a referendum with respect to the local law had one been held and therefore is not aggrieved by the failure to hold such a referendum. The respondents are correct.

Standing has two elements.

> "First, a plaintiff must show 'injury in fact,' meaning that plaintiff will actually be harmed by the challenged administrative action. As the term itself implies, the injury must be more than conjectural. Second, the injury a plaintiff asserts must fall within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted (*see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 773 [1991]; *Matter of Colella v Board of Assessors,* 95 NY2d 401, 409-410 [2000])" (*New York State Assn. of Nurse Anesthetists v Novello,* 2 NY3d 207, 211 [2004]; *see Mahoney v Pataki,* 98 NY2d 45, 52 [2002]).

The petitioner here will unquestionably be harmed by the challenged action. His employment was terminated after a hearing conducted by an officer the petitioner claims to have been illegally authorized to do so. The petitioner is not, however, within the "zone of interests or concerns" sought to be protected by the statute upon which he relies, Municipal Home Rule Law § 23 (2) (f).

The petitioner undoubtedly has an interest in his disciplinary proceeding being heard in accordance with the Act. The obvious purpose of the Act in this regard was to require that the decision-making authority in a police disciplinary matter hear the evidence against an accused police officer directly, rather than through the filter of a hearing officer. But that is not the statute upon which the petitioner's claim rests. It is Municipal Home Rule Law § 23 (2) (f) that imposes the referendum

requirement upon which the petitioner's argument is predicated. It certainly cannot be said that the purpose of that statute was to protect the interests of a police officer in the conduct of a disciplinary proceeding. Rather, the purpose of the referendum requirement is to ensure that electors have a voice when substantial changes are proposed to the powers of the officials whom they elect (*see Morin v Foster,* 45 NY2d 287, 294 [1978]). Since the petitioner is not an elector, he is thus not within the zone of interests the statute seeks to protect and is, therefore, without standing to challenge the local law on this basis (*cf. N.Y.P.I.R.G.—Citizen's Alliance v City of Buffalo,* 130 Misc 2d 448, 449 [1985]).

The remaining issues raised by the petitioner are addressed to the proper conduct of the disciplinary proceedings. Contrary to the petitioner's argument, the charges were timely instituted within 90 days "after the time when the facts upon which such charges are based are known" (Westchester County Police Act § 7; *cf. Matter of Rounds v Town of Vestal,* 15 AD3d 819, 821 [2005]). The Chief of Police became aware during an investigatory interview on March 5, 2002, that the petitioner was able to perform light duty work. The charges were preferred on March 21, 2002. The petitioner's argument that the Chief of Police became aware of the relevant facts earlier is without support in the record.

There is similarly no merit to the petitioner's claim that the charges provided insufficient notice of the conduct with which he was charged. A disciplinary charge " 'need only be reasonably specific, in light of all the relevant circumstances,' so as to apprise the party who is the subject of the hearing and to allow such party to prepare an adequate defense" (*Matter of Mangini v Christopher,* 290 AD2d 740, 743 [2002], quoting *Matter of Block v Ambach,* 73 NY2d 323, 333 [1989]; *see Matter of Auxier v Town of Laurens,* 23 AD3d 912, 913 [2005]; *Matter of Rounds v Town of Vestal, supra* at 822). The specifications here served that purpose (*see Matter of Auxier v Town of Laurens, supra; Matter of Coscette v Town of Wallkill,* 18 AD3d 657, 658 [2005]; *Matter of Wohlleb v Board of Educ. of Bridgehampton Union Free School Dist.,* 231 AD2d 643, 644 [1996]).

Finally, the designation of the hearing officer was not invalid because it was made at a meeting of the Town Board and was accomplished without formalities specific to an act of the commissioners. The Town Board and the Board of Police Commissioners are composed of the same persons (*see* Westchester

County Police Act § 2 [b]; Town Code § 32-6). The mere fact that those persons took an act in their capacity as commissioners at a meeting of the Town Board is not a basis to set aside that act.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding, and the judgment is affirmed with costs.

MILLER, J.P., GOLDSTEIN and DILLON, JJ., concur.

Ordered that the judgment is affirmed, with costs.