OPINION OF THE COURT
Elaine Slobod, J.
The issue in this proceeding to compel arbitration is the impact of a recent decision of the Court of Appeals, Matter of Patrolmen’s Benevolent Assn, of City of N.Y., Inc. v New York *177 State Pub. Empl. Relations Bd. (6 NY3d 563 [2006]) (hereinafter referred to as the PBA case), on provisions in collective bargaining agreements for arbitration of disciplinary matters between police unions and towns not governed by a special law.
Factual Background
Petitioner was employed by respondent as a police officer. On February 6, 2007, he was served with a notice of discipline and statement of charges by the Town of Crawford Chief of Police, Daniel P McCann. The charges essentially allege that petitioner’s wife had obtained an order of protection against him from the Ulster County Family Court, that he violated that order, that he was charged with contempt for the violation and that he failed to report his arrest to his superiors. Petitioner, by present counsel, served and filed an objection to discipline. The objection states,
“[t]he Respondent hereby requests a meeting with the Chief of Police as prescribed therein no later than twenty-one (21) calendar days from February 6, 2007, the date of the Notice of Discipline. In the event that the Chief of Police’s decision following that meeting is unsatisfactory, the Respondent will appeal through the grievance procedure set forth in Article 13 of the collective bargaining agreement” (objection to discipline, dated Feb. 12, 2007, at 1).
On February 25, 2007, petitioner sent a memorandum to Chief of Police McCann to inform him that he had been arrested by the City of Middletown Police Department for another violation of the order of protection. On March 2, 2007, petitioner was served with a second notice of discipline and statement of charges alleging, inter alia, that he violated the order of protection and also falsely filed a complaint with the City of Middle-town Police Department that his wife had harassed him. Petitioner’s present counsel responded with a second objection to discipline, again invoking petitioner’s rights under article 13 of the collective bargaining agreement.
The Chief of Police, on March 20, 2007, affirmed the charges and terminated petitioner’s employment.
The Collective Bargaining Agreement
The relevant portions of the collective bargaining agreement between respondent and the Town of Crawford Police Benevolent Association, Inc. (hereinafter the Crawford PBA) are found in articles 12 and 13 of the agreement.
*178 Article 12 concerns disciplinary procedure. The arbitration procedure is to be available to all employees as an alternative to Civil Service Law §§ 75 and 76 (section 12.2). An employee grieves a notice of discipline by requesting a meeting with the Chief of Police no later than 21 days after receipt of the notice of discipline (section 12.6).
The meeting with the Chief of Police, which the employee and/or representative may attend, is to be held within 21 days after the request. The Chief of Police then is to render a written decision within 14 days after the meeting (id.). A decision adverse to the employee may be appealed by filing a notice to the employer within 21 days of the decision. An independent arbitrator is then to hold a hearing at which the employee may be represented and present witnesses. The arbitrator is to render a written decision within 30 days after the hearing is closed (section 12.7). The arbitrator’s decision is final and binding on all parties (id.).
Article 13 of the collective bargaining agreement concerns the grievance procedure generally. Step 1 of the procedure is decided by the Chief of Police (section 3). A step 2 appeal must be presented to the Town Supervisor within 10 days after the step 1 decision. The Supervisor may, at the request of the Crawford PBA, hold an informal hearing within 10 days and issue a written decision within 15 days thereafter. A further step 3 appeal is an arbitration before one of three named arbitrators who are to rotate hearing grievances. (Id.)
As is readily apparent, the grievance arbitration procedure for disciplinary matters differs from the grievance procedure generally.
A threshold issue in this proceeding is whether petitioner properly invoked the arbitration grievance procedure. Respondent refers to the procedure described in article 13 and claims that petitioner failed to follow it. It is quite clear, however, that article 12 governs in this situation, and the court finds that petitioner properly invoked his right to arbitration.
Respondent, instead of following the grievance procedure, scheduled a hearing before the Town Board, arguing that the Court of Appeals decision in the PBA case and Town Law § 155 invalidate those portions of the collective bargaining agreement concerning employee discipline.
The PBA Case
The Court of Appeals decision in the PBA case involved two proceedings. One originated in Albany County and involved an *179 appeal by the Patrolmen’s Benevolent Association of the City of New York (NYCPBA) in a CPLR article 78 proceeding seeking to annul a determination by the Public Employment Relations Board (PERB) that the City of New York need not bargain with the NYCPBA over five subjects which had been dealt with in a collective bargaining agreement regarding employee discipline. PERB had found that the provisions concerned involved prohibited subjects of bargaining by virtue of provisions in the New York City Charter and Administrative Code which required that the discipline of New York City police officers be left to the Police Commissioner.
The other proceeding originated in Rockland County and was an application to stay arbitration commenced by the Town of Orangetown against the Orangetown Policemen’s Benevolent Association (Orangetown PBA). A member of the Orangetown PBA had sought arbitration with respect to a disciplinary matter pursuant to a collective bargaining agreement. Supreme Court had held that the provision of the collective bargaining agreement which provided for arbitration of disciplinary matters was invalid under the Rockland County Police Act which committed police discipline to local authorities.
The Court of Appeals noted, in an opinion by Judge Robert S. Smith, the tension between two public policies: the strong and sweeping policy of the State to support collective bargaining under the Taylor Law (Civil Service Law art 14) and the policy favoring strong disciplinary authority for those in charge of police forces (6 NY3d at 571). The Court had previously held that the policy of the Taylor Law required collective bargaining when no legislation specifically committed police discipline to the discretion of local officials (id.; see Matter of Auburn Police Local 195, Council 82, Am. Fedn. of State, County & Mun. Empls., AFL-CIO v Helsby, 46 NY2d 1034 [1979], affg for reasons stated below 62 AD2d 12 [1978]).
Judge Smith wrote, “[i]s there a public policy strong enough to justify excluding police discipline from collective bargaining? It might be thought this question could be answered yes or no, but the relevant statutes and case law are not so simple” (6 NY3d at 573). When the Taylor Law and sections 75 and 76 of the Civil Service Law apply, the answer is no. Police discipline is properly the subject of collective bargaining.
Since Civil Service Law § 76 (4) provides that nothing in sections 75 and 76 “shall be construed to repeal or modify any general, special or local law or charter provision,” Judge Smith *180 stated, laws which preceded the enactment of the Taylor Law in 1958 providing expressly for the control of police discipline by local officials in certain communities were grandfathered. The State Legislature adopted the New York City Charter in 1897 and the Administrative Code provision in 1873. The Legislature adopted the Rockland County Police Act in 1936. Accordingly, the Court of Appeals held, these provisions which committed police discipline to local officials governed, and police discipline in New York City and the Town of Orangetown was not properly the subject of collective bargaining.
Discipline of Police Officers in the Town of Crawford
Respondent in this proceeding contends that petitioner’s application for arbitration is precluded by application of the Court of Appeals holding in the PBA case and Town Law § 155. The court disagrees and grants the petition.
Town Law § 155, entitled “Discipline and charges,” which describes a procedure for suspension or dismissal of a town police officer, begins with a preamble of six words which brings this case outside the scope of the Court of Appeals holding in the PBA case — “[ejxcept as otherwise provided by law.” In this case it has been “otherwise provided by law,” namely, sections 75 and 76 of the Civil Service Law. When a town police officer is entitled to the protection of the Civil Service Law, the Civil Service Law applies (see Matter of Owen v Town Bd. of Town of Wallkill, 94 AD2d 768 [1983]).
Support of this analysis is found in the PBA case itself with respect to the proceeding regarding the Town of Orangetown. The Court of Appeals found that arbitration was barred not by Town Law § 155, which surely was applicable, but by the Rock-land County Police Act.
The analysis of the Appellate Division, Second Department, in Matter of Gizzo v Town of Mamaroneck (36 AD3d 162 [2006]) further supports the conclusion this court reaches today. In Matter of Gizzo, the Town of Mamaroneck was subject to the Westchester County Police Act (L 1936, ch 104) which provided that disciplinary hearings for police officers be conducted by a board of police commissioners. The Town had enacted a local law delegating the duty of conducting such hearings to a hearing officer designated by its board of police commissioners. The Appellate Division, Second Department, in an opinion by Associate Justice Robert A. Spolzino, found that under the Municipal Home Rule Law, the Town was free to vary the terms of the *181 Westchester County Police Act since a town is empowered to adopt local laws which are not inconsistent with a “general law.” A “general law” is “[a] state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all towns or all villages” (Municipal Home Rule Law § 2 [5]). A “special law,” by contrast, is “[a] state statute which in terms and in effect applies to one or more, but not all, counties, counties other than those wholly included within a city, cities, towns or villages” (Municipal Home Rule Law § 2 [12]). Justice Spolzino reasoned that since the Westchester County Police Act applied only to towns within the County of Westchester, the Town of Mamaroneck, located within that county, could, under the Municipal Home Rule Law, adopt a local law superceding the special law (36 AD3d at 165-166). The Court’s analysis was not affected by Town Law § 155.
There is no “Orange County Police Act.” The provision of the Taylor Law allowing discipline to be the subject of a collective bargaining agreement (Civil Service Law § 75 [2]) controls, and respondent is not empowered under the Municipal Home Rule Law to provide otherwise.*

 The court notes that the same conclusion has been reached by a colleague, Justice Vincent J. Reilly, Jr., in a similar case in Schenectady County (Matter of Werner v Town of Niskayuna, Schenectady County Index No. 1886-2006, decision/order dated Nov. 16, 2006).