■ In the Matter of DAVID LEBRON, Petitioner, v VILLAGE OF SPRING VALLEY et al., Respondents. [39 NYS3d 43]—

Proceeding pursuant to CPLR article 78 to review a determination of the Village Board of Trustees of the Village of Spring Valley dated January 8, 2013, which adopted the recommendation of a hearing officer dated January 23, 2012, made after a hearing, finding the petitioner guilty of certain charges of misconduct, and terminated his employment as a police officer with the Village of Spring Valley Police Department.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner commenced this CPLR article 78 proceeding challenging a determination terminating his employment as a police officer with the Village of Spring Valley Police Department (hereinafter the Department). The petitioner's termination was recommended to and adopted by the Village Board of Trustees (hereinafter the Board) by a hearing officer who presided over a lengthy disciplinary hearing held in connection with numerous charges of misconduct and incompetence preferred against the petitioner. The petition alleged, among other things, that the Board's determination was not supported by substantial evidence (*see* CPLR 7803 [4]), and the Supreme Court transferred the proceeding to this Court (*see* CPLR 7804 [g]). However, in his brief submitted to this Court, the petitioner does not contend that the Board's determination was not supported by substantial evidence.

The petitioner's contention that the charges against him were time-barred because they were served more than 60 days after the Department's Chief of Police became aware of the facts upon which the charges were based is without merit. The applicable statute of limitations, as stated in the Rockland County Police Act, provides that the limitations period begins to run "when the facts upon which such charges are based are known to the *town board*" (L 1936, ch 526, § 7 [emphasis added]). Here, there is no dispute that the charges were served upon the petitioner within 60 days after the facts upon which the charges were based became known to the Board. Accordingly, the charges were not time-barred (*see Matter of Munno v Town of Orangetown*, 13 AD3d 538, 540 [2004]; *cf. Matter of Callanan v Police Commn. for Town of Clarkstown*, 2 AD3d 442, 442 [2003]).

The petitioner's contention that specifications one, three, and four of charges 38 through 55 provided insufficient notice of the charges against him is without merit. Those specifications and charges were reasonably specific, in light of all the relevant circumstances, to apprise the petitioner of the charges against him and to allow for the preparation of an adequate defense (*see Matter of Block v Ambach*, 73 NY2d 323, 332 [1989]; *Matter of Forman v New York State Dept. of Motor Vehs.*, 110 AD3d 1075, 1076 [2013]; *Matter of Coscette v Town of Wallkill*, 18 AD3d 657, 658 [2005]).

The petitioner contends that there was an added stigma presented by the circumstances of the disciplinary proceeding (*see generally Matter of Miller v DeBuono*, 90 NY2d 783 [1997]), and, therefore, his due process rights were violated by the hearing officer's adoption of the substantial evidence standard

of proof, rather than the preponderance of the evidence standard. This contention is without merit. Nothing in the record suggests that, as a result of the termination of his employment as a police officer with the Department, the petitioner is prohibited from obtaining future law enforcement employment, or that he is subjected to a public registry of any sort (*see Matter of Agnew v North Colonie Cent. School Dist.*, 14 AD3d 830, 831 [2005]; *Matter of Williams v Nicoletti*, 295 AD2d 353 [2002]).

Contrary to the petitioner's contention, the hearing officer providently exercised his discretion in denying the petitioner's application to reopen the hearing on the basis of newly discovered evidence (*see generally Matter of Russell v Del Castillo*, 181 AD2d 680 [1992]).

The petitioner's remaining contentions are not properly before this Court. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.