Proceeding pursuant to CPLR article 78 to review a determination of the Village of Port Chester Board of Trustees dated April 6, 2015, which, after a hearing, found the petitioner guilty of certain charges of misconduct and terminated his employment as a police officer in the Village of Port Chester Police Department, which proceeding was transferred to this Court by an order of the Supreme Court, Westchester County (Everett, J.), dated August 26, 2015, and appeal by the petitioner, as limited by his brief, from so much of the same order as denied that branch of the petition which alleged that the determination was made in violation of lawful procedure.
 

 Ordered that on the Court’s own motion, the notice of appeal from the order dated August 26, 2015, is deemed to be an application for leave to appeal from so much of the order as denied that branch of the petition which alleged that the determination was made in violation of lawful procedure, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,
 

 Ordered that the order is affirmed insofar as appealed from; and it is further,
 

 Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
 

 Ordered that one bill of costs is awarded to the respondent.
 

 The petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of certain charges of misconduct and terminating his employment as a police officer with the Village of Port Chester Police Department (hereinafter the Department). The petitioner alleged, inter alia, that the determination by the Village of Port Chester Board of Trustees (hereinafter the Board) was made in violation of lawful procedure because the disciplinary charges against him were untimely. The petitioner also alleged that the Board’s determination was not supported by substantial evidence, and that the penalty of termination shocked one’s sense of fairness. The Supreme Court found that the determination was not made in violation of lawful procedure, and transferred to this Court that branch of the petition which alleged that the determination was not supported by substantial evidence.
 

 The petitioner’s contention that the disciplinary charges against him were untimely because they were served more than 90 days after the Department’s Acting Chief of Police became aware of the facts upon which the charges were based is without merit (see Matter of Lebron v Village of Spring Val., 143 AD3d 720, 721 [2016]). Pursuant to McKinney’s Unconsolidated Laws of NY § 5711-q (9), disciplinary charges “shall not be brought more than ninety days after the time when the facts upon which such charges are based are known to such board of trustees or municipal board” (emphasis added). This rule is echoed in section 1202.03 of the Department’s Rules and Regulations, which provides that “[i]n no event shall such charges be brought more than ninety days after the time when the facts upon which such charges are based are known to the Port Chester Board of Trustees” (emphasis added). Here, while the Acting Chief of Police allegedly had knowledge of the facts upon which the disciplinary charges were based more than 90 days before the charges were served upon the petitioner, there is no dispute that the Board itself did not have such knowledge. Accordingly, the charges were not untimely (see Matter of Lebron v Village of Spring Val., 143 AD3d at 721).
 

 Contrary to the petitioner’s contention, the Board’s determination that he knowingly made false statements to investigators is supported by substantial evidence in the record, and therefore, may not be set aside (see CPLR 7803 [4]; Matter of Berenhaus v Ward, 70 NY2d 436, 443 [1987]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; Matter of Loscuito v Scoppetta, 50 AD3d 905, 906 [2008]).
 

 In light of the fact that the petitioner made false statements, under oath, relating to serious charges implicating the integrity of himself and the Department, the penalty of dismissal was not so disproportionate to the offenses as to be shocking to one’s sense of fairness (see Matter of Loscuito v Scoppetta, 50 AD3d at 906).
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.