Parker v Town of Alexandria (2018 NY Slip Op 04126)





Parker v Town of Alexandria


2018 NY Slip Op 04126


Decided on June 8, 2018


Appellate Division, Fourth Department


Troutman, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


379 CA 17-01244

[*1]STANLEY PARKER, FAIRMAN SUTTON, DAVID BAIN, ELLEN PECK, DOUGLAS WILLIAMS, AND ALCID BEAUDIN, PLAINTIFFS-APPELLANTS,
v
TOWN OF ALEXANDRIA, DEFENDANT-RESPONDENT. 






CAMPANY, MCARDLE & RANDALL, PLLC, LOWVILLE (KEVIN M. MCARDLE OF COUNSEL), AND YOUNG LAW OFFICE, PLLC, FOR PLAINTIFFS-APPELLANTS. 
SLYE LAW OFFICES, P.C., WATERTOWN (ROBERT J. SLYE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


Troutman, J.
 Appeal from an order and judgment (one paper) of the Supreme Court, Jefferson County (James P. McClusky, J.), entered April 6, 2017. The order and judgment, among other things, granted the motion of defendant for summary judgment on its first through sixth counterclaims. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion in part with respect to the sixth counterclaim and vacating the fourth decretal paragraph, and by vacating the first decretal paragraph to the extent that it grants the relief sought in the first counterclaim and vacating the third decretal paragraph in its entirety, and as modified the order and judgment is affirmed without costs.
Opinion by Troutman, J.: In 2001, the Town Board of defendant, Town of Alexandria (Town), adopted a policy (2001 Policy) to provide qualified former employees with continued health benefits after retirement. The Town Board later sought to modify that policy by passing Local Law No. 2 of 2009 (2009 Law). That law, which changed the eligibility requirements for receiving benefits, included a modification clause that stated, in relevant part: "This Local Law may be amended, revoked or rescinded by a vote of not less than a majority plus one (1) of the Town Board." The 2009 Law was not enacted by referendum. The Town Board sought "to clarify" the 2009 Law by passing a resolution in 2011 (2011 Resolution), which purported to incorporate additional paragraphs into the 2009 Law concerning the qualification for continuation of retirement benefits. The Town Board then passed Local Law No. 2 of 2014 (2014 Law), which replaced the health insurance benefits of retired employees with cash grants to help offset the cost of private health insurance. The 2014 Law contained a modification clause similar to the modification clause in the 2009 Law, and it also was not enacted by referendum.
Plaintiffs, former Town employees who retired between 2001 and 2014, commenced this action as a hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a declaration that the 2014 Law is invalid. In its answer, the Town asserted a counterclaim seeking, inter alia, declarations that the 2009 Law, the 2011 Resolution, and the 2014 Law are invalid. We previously concluded that the action is properly only a declaratory judgment action and thus that Supreme Court erred in using a summary procedure applicable only to CPLR article 78 proceedings to dispose of the action and to declare those enactments invalid (Parker v Town of Alexandria, 138 AD3d 1467, 1467-1468 [4th Dept 2016]).
After we issued our decision, plaintiffs filed an amended complaint again seeking a declaration that the 2014 Law is invalid and seeking an order directing that the Town continue payment of plaintiffs' health insurance premiums in accordance with the 2009 Law. The Town interposed several counterclaims in its answer and thereafter moved for summary judgment on the first through sixth counterclaims. The first counterclaim seeks a declaration that the 2009 [*2]Law is invalid under Municipal Home Rule Law § 20 (1) because its modification clause requires a supermajority vote of the Town Board to enact a local law. The second counterclaim seeks a declaration that the 2009 Law is invalid because its modification clause curtails the power of elected members of the Town Board and thus was subject under section 23 (2) (f) to a mandatory referendum, which did not occur. The third counterclaim seeks a declaration that the 2011 Resolution is invalid because a resolution cannot modify a local law. The fourth and fifth counterclaims seek declarations that the 2014 Law is invalid on the same grounds as those identified in the first and second counterclaims. The sixth counterclaim seeks a declaration that the 2001 Policy is "the only validly adopted policy of the Town of Alexandria in connection with retiree health insurance."
The court granted defendant's motion and declared (1) the 2009 Law invalid on the grounds asserted in the first and second counterclaims; (2) the 2014 Law invalid on the grounds asserted in the fourth and fifth counterclaims; (3) the 2011 Resolution invalid on the ground asserted in the third counterclaim; and (4) the 2001 Policy "valid and in effect from the time of its adoption until otherwise validly amended, revoked or superseded as claimed in [the] Sixth Counterclaim."
Plaintiffs correctly acknowledge that the modification clauses in the 2009 Law and the 2014 Law run afoul of Municipal Home Rule Law
§ 23 (2) (f) because those laws were not enacted by referendum. "[A] local law shall be subject to mandatory referendum if it . . . [a]bolishes, transfers or curtails any power of an elective officer" (id.). Therefore, a local legislative body lacks the power to enact legislation curtailing the voting powers of its own members; such legislation cannot be enacted except by referendum. Here, the modification clauses in the 2009 Law and the 2014 Law curtailed the voting powers of the elected members of the Town Board by requiring a supermajority vote to enact certain kinds of legislation. The 2009 Law and 2014 Law are thus invalid inasmuch as they were not enacted by referendum.
Nevertheless, plaintiffs contend that the modification clauses should be severed from the substantive provisions of the 2009 Law and 2014 Law, and the substantive provisions upheld (see generally Matter of Westinghouse Elec. Corp. v Tully, 63 NY2d 191, 196-199 [1984]). Initially, we note that plaintiffs are not aggrieved by that part of the order and judgment invalidating the 2014 Law inasmuch as they sought that relief in their amended complaint, and thus their contention on appeal requesting enforcement of the substantive provisions of that law is not properly before us (see CPLR 5511; Armata v Abbott Laboratories, 284 AD2d 911, 911 [4th Dept 2011]). Furthermore, we reject plaintiffs' contention with respect to the 2009 Law. Where, as here, a local law is subject to a mandatory referendum, the failure to enact it by referendum renders the entire law invalid (see Gizzo v Town of Mamaroneck, 36 AD3d 162, 166 [2d Dept 2006], lv denied 8 NY3d 806 [2007]; Matter of Sacco v Maruca, 175 AD2d 578, 579 [4th Dept 1991], lv denied 78 NY2d 862 [1991]; cf. Mayor of City of N.Y. v Council of City of N.Y., 235 AD2d 230, 231 [1st Dept 1997], lv denied 89 NY2d 815 [1997]). In the cases upon which plaintiffs rely, courts applied severability to uphold valid provisions contained in properly enacted local laws (see e.g. CWM Chem. Servs., L.L.C. v Roth, 6 NY3d 410, 423-425 [2006]; Matter of Catanzaro v City of Buffalo, 163 AD2d 822, 823 [4th Dept 1990], lv denied 76 NY2d 712 [1990]). Here, in contrast, we have no occasion to apply severability because there is no properly enacted local law from which to sever the modification clause.
We thus conclude that the court properly granted the motion with respect to the second counterclaim. In light of that determination, the Town's additional challenges to the 2009 Law and 2011 Resolution are moot, and any discussion of the first and third counterclaims is therefore purely academic.
We agree with plaintiffs, however, that the court erred in granting the motion with respect to the sixth counterclaim and declaring that the 2001 Policy is "valid and in effect from the time of its adoption until otherwise validly amended, revoked or superseded." The moving party on a motion for summary judgment has the burden of establishing its entitlement to judgment as a matter of law by submitting evidence sufficient to eliminate any questions of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). The Town failed to submit evidence that the 2001 Policy was valid at the time of its adoption, and that it was not amended, revoked or superseded by subsequent legislation other than the above subject enactments.
Accordingly, the order and judgment should be modified by vacating the first decretal paragraph to the extent that it grants the relief sought in the first counterclaim and by vacating the third decretal paragraph, which grants the relief sought in the third counterclaim, in its entirety. Furthermore, the order and judgment should be modified by denying the motion in part with respect to the sixth counterclaim and vacating the fourth decretal paragraph.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court