Matter of Koehl v Duncan (2022 NY Slip Op 03517)





Matter of Koehl v Duncan


2022 NY Slip Op 03517


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SHERI S. ROMAN
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.


2019-11805
 (Index No. 80040/19)

[*1]In the Matter of Edward Koehl, petitioner,
v
Deborah . Duncan, etc., et al., respondents.


Edward Koehl, Staten Island, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board dated February 14, 2019, affirming a determination of an administrative law judge dated May 3, 2018, which, after a hearing, found that the petitioner violated Vehicle and Traffic Law § 1111(d)(1) and imposed a fine and sanction in the sum of $278.
ADJUDGED that the determination dated February 14, 2019, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
On May 19, 2017, the petitioner received a traffic ticket for violating a red light signal. On May 3, 2018, an administrative law judge (hereinafter the ALJ) determined, after a hearing, that the petitioner violated Vehicle and Traffic Law § 1111(d)(1). The New York State Department of Motor Vehicles Appeals Board (hereinafter the Board) affirmed the determination of the ALJ. The petitioner commenced this CPLR article 78 proceeding in the Supreme Court to review the Board's determination. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g) on the ground that it raises the issue of whether the determination, made after a hearing, is supported by substantial evidence. However, in his brief submitted to this Court, the petitioner no longer contends that the Board's determination was not supported by substantial evidence (see Matter of Davison v Annucci, 169 AD3d 1318 n; Matter of Sudler v Annucci, 166 AD3d 1351, 1352 n; Matter of Lebron v Village of Spring Val., 143 AD3d 720, 721; Matter of A & F Gulf Serv. v Jackson, 260 AD2d 474, 475).
The petitioner's contention that the traffic ticket provided insufficient notice of the charge pending against him is without merit. The traffic ticket was reasonably specific, in light of all the relevant circumstances, to apprise the petitioner of the charge against him and to allow for the preparation of an adequate defense (see Matter of Lebron v Village of Spring Val., 143 AD3d at 721; Matter of Forman v New York State Dept. of Motor Vehs., 110 AD3d 1075, 1076).
The petitioner's remaining contentions are either not properly before this Court or without merit.
LASALLE, P.J., ROMAN, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court