■ In the Matter of BERND BREU, Petitioner, v BOARD OF EDUCATION OF THE WINDSOR CENTRAL SCHOOL DISTRICT, Respondent. [627 NYS2d 165] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to, *inter alia,* review a determination of respondent which discharged petitioner from his employment.

Petitioner was employed by respondent as a school custodian, a position that placed him in charge of the night cleaning crew. A surveillance camera (installed following complaints of pilferage from a locked food storage room) showed petitioner and two other members of the night cleaning crew entering the storage room on October 26, 1993. Following a further incident of unauthorized entry on November 15, 1993, petitioner and two members of the cleaning crew were interviewed by investigators from the Broome County District Attorney's office on November 16, 1993. Although petitioner maintained his innocence, one of the cleaners, Raymond La-Vergne, gave a detailed written statement acknowledging that he would occasionally enter the storage room to take a bag of potato chips, a Slim Jim or some other snack. LaVergne stated that on the evening of November 15, 1993, he and petitioner entered the storage room and LaVergne took two Slim Jims, giving one to petitioner. He also stated that petitioner had accompanied him into the storage room on at least one other occasion within the prior month.

Petitioner was suspended from his position effective November 16, 1993 and was thereafter served with charges of misconduct, alleging that he was guilty of (A) aiding and abetting LaVergne's theft of food on November 15, 1993, (B) entering without authorization or permission an area of the school not within his job responsibilities (the food storage room) on more than one occasion, and (C) stealing food from the storage room on October 26, 1993. Following a hearing, petitioner was found guilty of charges A and B but not guilty of charge C. The Hearing Officer recommended a penalty of suspension without pay for two months. Respondent adopted the Hearing Officer's findings of guilt but imposed the penalty of dismissal, a determination challenged in the present CPLR article 78 proceeding.

Initially, it is our view that Supreme Court properly dismissed petitioner's constitutional challenge to Civil Service Law § 75, as that statutory provision is neither unconstitutional on its face *(see, Matter of Marsh v Hanley,* 50 AD2d 687,

688) nor as applied against petitioner in this case. Although, as argued by petitioner, Civil Service Law § 75 does not require an employer to set forth the facts or rationale underlying its decision, respondent's written resolution upholding the Hearing Officer's findings of guilt expressly recited that each of its members had reviewed the Hearing Officer's findings of fact and recommendations, as well as the transcript and documentary evidence constituting the record of the hearing. "So long as the body charged with imposition of disciplinary sanctions has made an independent appraisal of the entire record compiled by its duly appointed hearing officer, as respondent has done here, a public employee has received all that the due process clause demands" *(Matter of Belsky v New York City Tr. Auth.,* 48 NY2d 908, 909-910). Further, respondent was "free, within the confines of the evidence, to make new findings and to impose discipline other than that recommended by the hearing officer" *(Matter of Wiggins v Board of Educ.,* 60 NY2d 385, 388).

Nor are we persuaded that respondent's determination was not supported by substantial evidence. Although hearsay, LaVergne's written statement was "believable, relevant and probative" *(Matter of Riley v Schles,* 185 AD2d 437, 438; *see, Matter of De Carlo v Perales,* 131 AD2d 31, 34-35), and it provided ample evidentiary support for the finding of guilt with regard to charge A. As for charge B, there was uncontroverted proof that petitioner was in the storage room on at least two occasions, and petitioner's supervisor testified that petitioner had no job responsibilities in the area of the storage room, although he could gain access with his pass key, supporting the Hearing Officer's finding that there were no circumstances under which petitioner should have been in the room. As a final matter, considering petitioner's complicity with the very employees he was entrusted to supervise, we are by no means shocked by the penalty of dismissal *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.