■ In the Matter of RONALD MALLOCH, Petitioner, v BALLSTON SPA CENTRAL SCHOOL DISTRICT et al., Respondents. [671 NYS2d 845] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of respondents which found petitioner guilty of misconduct and terminated his employment as a school bus driver.

In April 1996 respondent Ballston Spa Central School District (hereinafter the District) brought charges against petitioner, a school bus driver, for incompetence and miscon-

duct based upon a series of incidents that occurred in March 1996. A hearing was held before a Hearing Officer in June 1996 after which petitioner was found guilty of incompetence and misconduct on each of six specific charges stemming from observations of petitioner's driving between March 12, 1996 and March 27, 1996. Based upon his conclusions, the Hearing Officer recommended that petitioner's employment be terminated. By letter dated September 12, 1996, the District advised petitioner that respondent Board of Education of the Ballston Spa Central School District accepted the Hearing Officer's findings and recommendations and that petitioner was dismissed. Petitioner thereafter commenced this CPLR article 78 proceeding to annul the determination and the proceeding was then transferred to this Court pursuant to CPLR 7804 (g).

We confirm. In reviewing an administrative determination, a court must consider whether, based on the entire record, the decision is supported by substantial evidence (*see, Matter of Lahey v Kelley*, 71 NY2d 135; *Matter of Doolittle v McMahon*, 245 AD2d 736, 737-738). A decision is proper if it results from a hearing based on evidence from which an "inference of the existence of the fact found may be drawn reasonably" (*Matter of Stork Rest. v Boland*, 282 NY 256, 273; *see, Matter of Welcher v Sobol*, 227 AD2d 770, 772), and in which the facts provide a rational basis for the finding (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181). Although a court may review the proceeding to determine if there was enough evidence, it may not weigh the evidence and substitute its own judgment even in light of conflicting testimony (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443; *Matter of Sowa v Looney*, 23 NY2d 329, 336; *Matter of Heslop v Board of Educ.*, 191 AD2d 875, 877). Moreover, "compliance with the technical rules of evidence is not mandated in [administrative] hearings" (*Matter of Heslop v Board of Educ., supra*, at 877).

Here, respondents presented testimony from, *inter alia*, Cheryl Dalton, then acting director of transportation for the District, Carol Manley, a bus driver/driver trainer employed by the District, Tim Bonk, the coordinator of facilities and operations for the District, and Roger Gorham, Superintendent of Schools. Dalton testified that on March 12, 1996 petitioner, while driving his school bus, cut her off and failed to stop or look to his right and left. On March 15, 1996, Bonk observed petitioner make a "short stop" and exceed the speed limit by 10 or more miles per hour on two separate occasions. Testimony adduced at the hearing also indicated that on March 18, 1996, petitioner exceeded the posted speed limit during his midmorn-

ing run and failed to fully stop at a stop sign; on March 25, 1996 the same witness, who checked the accuracy of her speedometer, again observed petitioner exceed the speed limit by between 5 and 11 miles per hour; on March 26, 1996 petitioner was observed driving 10 miles above the speed limit, making incomplete stops, and waiting too long to activate his turn signal; and on March 27, 1996 petitioner was observed making a wide right-hand turn causing him to enter the opposite lane of traffic. All of these observations were made by staff members in supervisory positions, and the Hearing Officer credited those firsthand observations.

Petitioner presented evidence that he did not know that he cut Dalton off because his view was obstructed by a tree and by the bus itself; that the brakes could have been "spongy"; that the incomplete stop was somewhat routine; that the failure to signal in a timely fashion could not be a violation because the distance requirement of 150 feet was only a suggested guideline; that the wide turn was often unavoidable at the particular intersection; and that the speeding violations were impossible to prove without professional radar equipment and the testimony of a qualified expert.

Clearly, the Hearing Officer was presented with an issue of credibility which he was free to, and did, resolve against petitioner (*see, Matter of Loffredo v Sobol*, 195 AD2d 757, 759, *lv denied* 82 NY2d 658; *Matter of Edelman v Sobol*, 174 AD2d 896, 897, *appeal dismissed* 78 NY2d 1006). Upon our review of the record, we conclude that respondents' determination was rational and supported by substantial evidence.

We also conclude that petitioner's reliance on the recent Court of Appeals decision in *Matter of Miller v DeBuono* (90 NY2d 783), for the proposition that the proper standard of review in this matter is a fair preponderance of the evidence rather than substantial evidence, is misplaced. There, unlike here, a nurse's aide was disciplined for patient abuse and her name was placed in a State Nurses Aide Registry that was available to the public; she was also prohibited from further employment as a nurse's aide (*id.*, at 787). The Court of Appeals held "that the inclusion and dissemination of information contained [in a register] which harms not only an individual's good name, integrity or standing in the community, but also affects that individual's present employment or effectively forecloses possible future employment opportunities is sufficient to constitute 'stigma plus' and invoke the procedural protection of the Due Process Clause" (*id.*, at 791; *see, Matter of Lee TT. v Dowling*, 87 NY2d 699, 707-709). Here, such is not

the case; petitioner is not barred from seeking employment as a bus driver in another school district or from trying to get another driving-related job. Moreover, petitioner is not subject to a registry and the information about the School District's charges and the disposition is not readily accessible to the public at large, and thus does not trigger the "stigma plus" analysis (*see, Matter of Lee TT. v Dowling, supra,* at 708); therefore, petitioner's employment prospects as a driver have not been foreclosed (*see, Matter of Miller v DeBuono, supra,* at 792; *Matter of Lee TT. v Dowling, supra,* at 709).

Finally, we reject petitioner's contention that his penalty of termination was inappropriate. It is well settled that a penalty will not be disturbed unless it is so severe and disproportionate to the offense that it shocks one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-234; *Matter of Smith v Board of Educ.,* 235 AD2d 912, 914; *Matter of Heslop v Board of Educ.,* 191 AD2d 875, 878, *supra*). Here, petitioner's personnel records are replete with numerous incidents of traffic infractions and accidents. Moreover, petitioner was found guilty of six separately charged safety violations based on observations of his driving on six separate occasions within a short period of time. We therefore decline to disturb respondents' determination (*see, Matter of Heslop v Board of Educ., supra,* at 877; *Matter of Robbins v Malone Cent. School Dist.,* 182 AD2d 890, 892, *appeal dismissed* 80 NY2d 825).

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.