■ In the Matter of H. JAMES SUITOR, Petitioner, v JOHN L. KELLER, as Chief of Police of Town of Niagara, et al., Respondents. [684 NYS2d 454] —Determination unanimously modified in the exercise of discretion and as modified confirmed without costs in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination of misconduct and to vacate his termination from employment as a Town of Niagara police officer. We reject his contention that preponderance of the evidence is the evidentiary standard for our review of the determination in a Civil Service Law § 75 proceeding. That standard applies when the penalty of dismissal is accompanied by some added stigma (*see, e.g., Matter of Miller v DeBuono*, 90 NY2d 783, 794; *Matter of Lee TT. v Dowling*, 87 NY2d 699, 712, *rearg denied sub nom. Matter of Joel P. v Bane*, 88 NY2d 920). Substantial evidence continues to be the appropriate evidentiary standard of judicial review where, as here, the disciplinary proceedings conducted pursuant to section 75 do not involve such added stigma (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231; *Matter of Putorti v Safir*, 249 AD2d 207; *Matter of Malloch v Ballston Spa Cent. School Dist.*, 249 AD2d 797, *lv denied* 92 NY2d 810). The determination of the Hearing Examiner is supported by substantial evidence.

The penalty of dismissal, however, is so disproportionate to the offense as to shock one's sense of fairness (*cf., Matter of Pell v Board of Educ., supra*, at 233). In the exercise of our discretion, we conclude that the maximum penalty warranted in the circumstances of this case is suspension without pay and benefits for 18 months, retroactive to November 6, 1997. Thus, we modify the determination, grant in part the petition and reduce the penalty accordingly. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Niagara County, Joslin, J.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.