■ In the Matter of CLARICE E. SEELEY, Petitioner, v CITY OF NEW YORK et al., Respondents. [702 NYS2d 299] —Determination of respondent Commissioner of the New York City Police Department, dated April 8, 1998, terminating petitioner's employment as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Carol Huff, J.], entered November 24, 1998) dismissed, without costs.

Upon review of the record as a whole, we conclude that petitioner's positive random drug test results constituted substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180-181) to support respondent Commissioner's determination that petitioner possessed and ingested cocaine. Petitioner's contention that the uncertified copies of the toxicology reports received as evidence in support of the charges were per se unreliable is without merit. An administrative tribunal is not strictly bound by the rules of evidence (*see, Matter of Sowa v Looney*, 23 NY2d 329, 333). Moreover, here, the foundation testimony offered by respondent's expert toxicologist, Dr. Closson, who supervised the testing and prepared the final toxicology reports, was more than adequate to establish the authenticity and reliability of the report copies. We note also that petitioner's counsel declined the hearing officer's invitation to examine the original toxicology reports before copies of them were received in evidence. The penalty of dismissal does not shock our sense of fairness under the circumstances (*see, Matter of Allen v Police Dept.*, 240 AD2d 229). Concur—Sullivan, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.