■ In the Matter of ROBERT WILLIAMS, Petitioner, v JOSEPH J. NICOLETTI et al., Respondents. [743 NYS2d 160] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Public Works of the City of White Plains, dated July 23, 1998, which adopted

the findings and recommendation of a hearing officer, made after a hearing, finding the petitioner guilty of misconduct and dismissing him from employment.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner, as part of his job as a motor equipment operator for the Department of Public Works of the City of White Plains, possessed a commercial driver's license. Asserting that federal law required it to conduct random drug testing of those employees holding such a license, the City directed the petitioner to provide a urine sample. The lab test results of the sample came back positive for the presence of opiates. After a hearing pursuant to Civil Service Law § 75, a hearing officer found the petitioner guilty of misconduct in failing the drug test while on the job, and recommended his dismissal. The respondent Commissioner of the Department of Public Works adopted the hearing officer's recommendation.

The petitioner contends that the City failed to prove by a preponderance of the evidence that he was guilty of misconduct because there was insufficient proof that the urine sample was taken properly, or that the lab instruments were accurate. Initially, the petitioner's argument that the preponderance of the evidence standard should apply is without merit. In a review of a disciplinary hearing, the preponderance of the evidence standard generally applies only when the penalty of dismissal is accompanied by some added stigma (*see Matter of Miller v DeBuono,* 90 NY2d 783). No such added stigma is presented by the circumstances of this case (*see Matter of Malloch v Ballston Spa Cent. School Dist.,* 249 AD2d 797).

Accordingly, contrary to the petitioner's argument, the hearing officer's factual determinations must be upheld if they are supported by substantial evidence (*see Matter of Pell v Board of Educ.,* 34 NY2d 222, 230; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179). The City's evidence at the hearing consisted of, among other things, testimony of two medical and scientific experts from the testing company concerning the validity of the drug tests, complete documentation of the test results, testimony of the Deputy Commissioner of the Department of Public Works who explained the City's random drug test program, and the petitioner's signed certification that the sample had been properly collected and sealed, which certification he did not controvert. Thus, it is clear that the hearing officer's determination was supported by substantial evidence (*see Matter of Seeley v City of New York,* 269 AD2d 205; *Matter of McGovern v Safir,* 266 AD2d 107).

The petitioner also argues that any statute or rule which permits the random drug testing of drivers simply because they drive heavy vehicles offends New York State Constitution, article I, § 12. However, as was the case with his due process claim, this issue was litigated by the parties in federal court, and was decided against him. In any event, the federal statute involved herein is not unconstitutional (*see Skinner v Railway Labor Execs. Assn.,* 489 US 602; *National Treasury Empls. Union v Von Raab,* 489 US 656).

The petitioner's remaining contentions are without merit. Santucci, J.P., Altman, S. Miller and McGinity, JJ., concur.