CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Monroe County (Galloway, J.), entered November 22, 2002, seeking to annul a determination of respondent after a hearing.
It is hereby ordered that the determination be and the same hereby is modified on the law and in the exercise of discretion by granting the petition in part and reducing the penalty to *910 suspension without pay and benefits for two years, retroactive to March 13, 2002, and as modified the determination is confirmed without costs.
Memorandum: Petitioners, Maison Scahill and John M. Starr, commenced separate CPLR article 78 proceedings, subsequently transferred to this Court and consolidated for review, against respondent, Greece Central School District, their former employer. Petitioners seek to annul the respective determinations finding them guilty of disciplinary charges following hearings held pursuant to Civil Service Law § 75, contending that such determinations are not supported by substantial evidence (see CPLR 7803 [4]). Petitioners further seek to annul the penalty of termination imposed upon each of them on the ground that such penalty constituted an abuse of discretion (see 7803 [3]).
Upon our review of the record, we conclude that substantial evidence supports the determinations that petitioners were guilty of misconduct in distributing cigarettes to fellow employees during the workday, on respondent’s property, and while misusing their employer-assigned vehicle (see generally Matter of Suitor v Keller, 256 AD2d 1140 [1998]). We conclude, however, that it was an abuse of discretion to terminate petitioners’ employment. The penalty of termination is so disproportionate to the offense, in light of all of the . circumstances, as to shock one’s sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 234-235 [1974]; Matter of Brown v Murphy, 275 AD2d 931, 932 [2000]; Suitor, 256 AD2d 1140 [1998]). Petitioners have, respectively, 12 years and 17 years of unblemished service with respondent, most recently as maintenance mechanics. Their misconduct consisted almost entirely of distributing to fellow employees cartons of cigarettes purchased on an Indian reservation by one of the petitioners at the request of those fellow employees. There is no evidence that petitioners profited from the transactions. We thus cannot agree with respondent’s characterization of such conduct as “trafficking” in untaxed cigarettes, nor can we agree with respondent’s assertion that termination is warranted based on the effect of petitioners’ conduct in depriving New York State of tax revenue. We further disagree with respondent that petitioners’ conduct placed respondent at any realistic risk of losing grant money distributed under the Federal Safe and Drug-Free Schools and Communities Act (20 USC § 7101 et seq.). Further, there is no evidence that the distribution of cigarettes was known to the students or in any way harmful to *911 their interests (cf. Matter of Will v Frontier Cent. School Dist. Bd. of Educ., 97 NY2d 690, 691 [2002]). Nonetheless, the misconduct resulted in some, albeit minimal, misappropriation of time during the workday and involved a misuse of respondent’s facilities. We therefore conclude that the maximum penalty warranted in each of these matters is a suspension without pay and benefits for two years, retroactive to March 13, 2002, and in the exercise of our discretion we reduce the penalty accordingly (see Brown, 275 AD2d at 932; Suitor, 256 AD2d 1140 [1998]; see also Matter of Mitthauer v Patterson, 8 NY2d 37, 41-42 [I960]).
All concur except Pigott, Jr., P.J., and Hurlbutt, J., who dissent in part and vote to confirm in the following memorandum.