■ In the Matter of DAVID W. MURRAY, Petitioner, v ILION WATER COMMISSION, Respondent. [780 NYS2d 262]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Herkimer County [Michael E. Daley, J.], entered January 30, 2004) to review a determination of respondent. The determination found petitioner guilty of misconduct and terminated his employment with respondent.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law and in the exercise of discretion and the petition is granted in part by reducing the penalty to suspension without pay and benefits for one year, commencing July 28, 2003, and as modified the determination is confirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that he is guilty of misconduct, i.e., dereliction of duty, following a hearing pursuant to Civil Service Law § 75. In the alternative, petitioner seeks a modification of the penalty of dismissal from employment that was imposed by respondent. Contrary to the contention of petitioner, there is substantial evidence in the record to support the determination that he made an error with respect to the chemical solutions used in the water treatment plant and that he intentionally withheld the information from his supervisor until the next day. Petitioner did not testify, and thus the evidence is uncontroverted. We therefore conclude that the "proof is 'so substantial that from it an inference of the existence of the fact found may be drawn reasonably' " (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179 [1978]).

We further conclude, however, that the penalty of dismissal "is so disproportionate to the offense as to shock one's sense of fairness" (*Matter of Brown v Murphy,* 275 AD2d 931, 932 [2000]). The record establishes that petitioner discovered and rectified the error and that it did not result in damage to either the equipment or the water supply. The record further establishes that petitioner had significant autonomy in his position and that he voluntarily advised his supervisor of his error the following morning. Further, petitioner had been employed by respondent for 18 years and was described by his supervisor as a "good worker." Therefore, upon "[c]onsideration of the length of employment of [petitioner], the probability that a dismissal may leave [petitioner] without any alternative livelihood, his

loss of retirement benefits, . . . the effect upon his innocent family . . . [and the absence of] grave moral turpitude and grave injury to the agency involved or to the public weal" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 235 [1974]), we conclude that the maximum penalty warranted is suspension without pay and benefits for one year, commencing July 28, 2003, and in the exercise of our discretion we reduce the penalty accordingly (*see Brown*, 275 AD2d at 932; *Matter of Suitor v Keller*, 256 AD2d 1140 [1998]). Present—Pine, J.P., Scudder, Kehoe, Gorski and Martoche, JJ.