■ In the Matter of JACQUELINE AGNEW, Petitioner, v NORTH COLONIE CENTRAL SCHOOL DISTRICT et al., Respondents. [787 NYS2d 521]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court entered in Albany County) to review a determination of respondent North Colonie Central School District Board of Education which terminated petitioner's employment.

Following an administrative hearing pursuant to Civil Service Law § 75, petitioner was terminated from her position as a teacher aide for stealing money from the kindergarten classroom to which she was assigned. She commenced this CPLR article 78 proceeding challenging the determination, which has been transferred to this Court (*see* CPLR 7804 [g]). We now confirm.

As an initial matter, the applicable standard of review in this proceeding is the substantial evidence standard (*see* State Administrative Procedure Act § 306; *see also Matter of Pell v Board of Educ.*, 34 NY2d 222, 230 [1974]). Petitioner's claim that the proper standard of review should have been a fair preponderance of the evidence under the Court of Appeals decision in *Matter of Miller v DeBuono* (90 NY2d 783 [1997]) is rejected. Unlike the facts of that case, petitioner's termination as a result of this proceeding neither prohibits her from future employment as a teacher aide nor subjects her to a public registry of any sort. In short, the "stigma plus" analysis applied in *Miller* is simply not triggered here (*see Matter of Williams v Nicoletti*, 295 AD2d 353, 354 [2002]; *Matter of Suitor v Keller*, 256 AD2d 1140 [1998]; *Matter of Malloch v Ballston Spa Cent. School Dist.*, 249 AD2d 797 [1998], *lv denied* 92 NY2d 810 [1998]).

Applying the substantial evidence standard, we find that the record supports the Hearing Officer's finding of guilt. As previously noted by this Court, "[a] decision is proper if it results from a hearing based on evidence from which an 'inference of the existence of the fact found may be drawn reasonably' and in which the facts provide a rational basis for the finding" (*Matter of Malloch v Ballston Spa Cent. School Dist., supra* at 798 [citations omitted]). Here, testimonial evidence established that the kindergarten teacher placed a white envelope containing a small

amount of cash in the top drawer of a file cabinet one morning and that this envelope was missing from the cabinet one day later. A videotape surveillance camera captured petitioner removing a white envelope from the top drawer and placing it in her handbag during the intervening 24-hour period. Given this evidence, we conclude that the determination of guilt was rational and supported by substantial evidence.

Finally, we reject petitioner's claim that the rescission of an offer of part-time summer employment amid the instant allegations denied her due process.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.