■ In the Matter of DARREN SCAZAFAVO, Petitioner, v ERIE COUNTY WATER AUTHORITY, Respondent. [816 NYS2d 642]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Rose H. Sconiers, J.], entered November 22, 2005) to annul a determination of respondent. The determination found that petitioner committed three acts of insubordination and terminated his employment.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that he committed three acts of insubordination and terminating his employment. The charges arose when petitioner, a meter service worker, was selected for a random drug test and refused to comply with an order to stay in the vicinity of one of respon-

dent's trucks so that he could be transported to the hospital for drug testing. Upon returning to the scene, petitioner was ordered to enter respondent's truck but initially refused to do so. Although petitioner ultimately entered the truck, he refused to submit to drug testing. According to petitioner, pursuant to company policy he was not subject to random drug testing because he was an employee with a noncommercial driver's license.

Contrary to the contention of petitioner, we conclude that the determination that he committed three acts of insubordination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]). Petitioner testified that, although he was familiar with the "work now, grieve later" rule, he refused to comply with the order to submit to drug testing because he did not believe that he was subject to random drug testing. Thus, petitioner in effect conceded that he was guilty of the three charges. Indeed, the record establishes that petitioner was advised by his union representative to comply with respondent's directives and to grieve the matter later but nevertheless refused to do so. Also contrary to petitioner's contention, the penalty of termination is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Although petitioner had been employed by respondent for 11 years, the record establishes that petitioner had problems with absenteeism and had been convicted of a misdemeanor drug possession charge during that time. Finally, while it appears that the policy of respondent with respect to random drug testing apparently changed without notification to its employees, the record establishes that petitioner was willfully insubordinate in refusing to comply with the order to submit to drug testing. Present—Pigott, Jr., P.J., Kehoe, Gorski, Green and Pine, JJ.