# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

944

TP 11-00377

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF DOUGLAS J. GIAMBRONE AND
MARCON ERECTORS, INC., PETITIONERS,

V                                          MEMORANDUM AND ORDER

ALEXANDER B. GRANNIS, COMMISSIONER, NEW YORK
STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION,
AND NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, RESPONDENTS.

---

JONATHAN D. ESTOFF, BUFFALO, MAGAVERN MAGAVERN GRIMM LLP, FOR
PETITIONERS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ADAM J. DOBSON OF
COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Kevin M. Dillon, J.], entered February 7, 2011) to review a determination of respondents. The determination imposed a civil penalty on petitioners.

It is hereby ORDERED that the determination is unanimously modified on the law and in the exercise of discretion and the petition is granted in part by reducing the penalty to $25,000, and as modified the determination is confirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent New York State Department of Environmental Conservation (DEC) dated March 17, 2010 that, inter alia, imposed a civil penalty of $109,500 for the violation of 12 DEC regulations involving the generation and storage of hazardous waste (*see* 6 NYCRR parts 372, 373), as well as two statutes involving the discharge of petroleum (*see* Navigation Law §§ 173, 175). In the mid-1980s, petitioner Douglas J. Giambrone, the president and chief executive officer of petitioner Marcon Erectors, Inc. (Marcon), directed that the top of a 25,000-gallon storage tank be removed. The tank was located on property owned by Giambrone and leased to Marcon, and the removal exposed the tank's contents to the environment. Those contents were subsequently determined to be sludge laden with polychlorinated biphenyls (PCBs) and other hazardous chemicals. In September 1995, the DEC received a complaint concerning a spill on the property where the tank was located, and petitioners

did not begin remediation efforts until 1997.  Respondent DEC
Commissioner (Commissioner) determined in a subsequent administrative
enforcement proceeding that there was no issue of fact concerning
petitioners' liability, and on the recommendation of the
Administrative Law Judge he granted the DEC's motion in December 2000
for "order without hearing" pursuant to 6 NYCRR 622.12.  In a
subsequent CPLR article 78 proceeding, the liability determination was
confirmed in a judgment entered March 25, 2002, but Supreme Court
vacated the penalty imposed based on the lack of a hearing with
respect to the amount.  The penalty hearing was ultimately held on
November 7, 2007.

     Despite the inordinate delays that occurred in the administrative
proceedings, we reject petitioners' contention that the proceedings
should have been dismissed and the penalty vacated based on the
failure to hold a hearing either "immediately" as provided in 6 NYCRR
622.12 (f) or "within a reasonable time" as provided in State
Administrative Procedure Act § 301 (1).  Moreover, we reject
petitioners' further contention that dismissal of the proceedings is
required due to the failure of the Commissioner to issue the decision
and order within 60 days "after the close of the record" pursuant to 6
NYCRR 622.18 (b) (1).  Time limitations imposed upon administrative
agencies by their own regulations are not mandatory (*see Matter of
Dickinson v Daines*, 15 NY3d 571, 575, *affg* 68 AD3d 1646), and
petitioners failed to establish that they suffered substantial
prejudice resulting from the delays (*see id.* at 577; *Matter of
Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 178-179, *rearg denied*
66 NY2d 1035, *cert denied* 476 US 1115; *see also Matter of Corning
Glass Works v Ovsanik*, 84 NY2d 619, 625-626).  Additionally, we note
that, "[w]here . . . legislation providing for an administrative
determination explicitly prescribes the time frame for making a
determination and provides that the agency is required to act within
the specified time frame, there is 'an unmistakable limitation on the
[agency's] authority to act' beyond that time frame" (*Dickinson*, 68
AD3d at 1647; *see Matter of City of New York v Novello*, 65 AD3d 112,
116, *lv denied* 14 NY3d 702; *see generally Cortlandt Nursing Home*, 66
NY2d at 177-182).  Here, the Legislature provided no such time frame.

     We agree with petitioners, however, that the civil penalty
imposed " 'is so disproportionate to the offense as to be shocking to
one's sense of fairness' " (*Matter of Waldren v Town of Islip*, 6 NY3d
735, 736, quoting *Matter of Pell v Board of Educ. of Union Free School
Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34
NY2d 222, 237).  The record establishes that the remediation
contractor retained by petitioners to perform cleanup work at the site
was approved by the DEC, and the contractor mishandled materials and
was partially responsible for the site conditions but was subjected to
a substantially lower DEC penalty.  We conclude that the maximum civil
penalty warranted against petitioners in this case is $25,000, and in
the exercise of our discretion we therefore modify the determination
by reducing the penalty accordingly (*see generally Matter of Murray v
Ilion Water Commn.*, 9 AD3d 903; *Matter of Vito v Jorling*, 197 AD2d

822, 824-825).  We have considered petitioners' remaining contentions and conclude that they are without merit.

Entered:  October 7, 2011                    Patricia L. Morgan
                                             Clerk of the Court