■ In the Matter of DENNIS JAMES, Petitioner, v HOOSICK FALLS CENTRAL SCHOOL DISTRICT et al., Respondents. [941 NYS2d 335]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (trans-

ferred to this Court by order of the Supreme Court, entered in Rensselaer County) to review a determination of respondent Board of Education of the Hoosick Falls Central School District which terminated petitioner's employment.

Petitioner, a custodian for many years at respondent Hoosick Falls Central School District, was involved in an apparent domestic incident in February 2010 with his girlfriend. The girlfriend ended up hospitalized with fractured ribs and petitioner was charged with, among other things, assault in the second degree. When the District's Superintendent of Schools, respondent Kenneth A. Facin, learned of the incident, he became concerned about petitioner's presence at the school and the District commenced a disciplinary proceeding against petitioner pursuant to Civil Service Law § 75.

Various versions of the incident were provided by both petitioner and the girlfriend. The initial story told by both was that the girlfriend fell down stairs. By the next day, the girlfriend provided police with a written statement in which she related that, after a night of drinking, they had been pushing each other during a fight, she punched petitioner, and he then threw her to the floor causing her injuries. Two days after the incident, petitioner stated to police that they had been arguing, she was hitting him, he tried to restrain her, and she fell. At the disciplinary hearing, both testified that they were arguing, the girlfriend was intoxicated, she grabbed petitioner and fell, pulling him down on top of her as they hit the floor. Although by the time of the hearing it appeared that the criminal charges against petitioner were not going to be pursued, Facin stated that this did not alter the decision to continue with the disciplinary matter.

Following the disciplinary hearing, the Hearing Officer determined that petitioner and his girlfriend had a physical altercation during which petitioner threw her to the floor causing her injuries. The Hearing Officer held that this evidence was sufficient to sustain two of the charges of misconduct and he recommended the penalty of dismissal "considering the severity of the resultant injuries, nature of [petitioner's] conduct, and the public backlash." Respondent Board of Education of the Hoosick Falls Central School District adopted the Hearing Officer's findings and terminated petitioner's employment. This proceeding ensued.

Petitioner initially argues that the Hearing Officer erred in basing his determination upon substantial evidence rather than a preponderance of the evidence. We are unpersuaded. Although Civil Service Law § 75 does not articulate a specific level of

proof for the hearing level (a gap frequently filled by a provision of collective bargaining agreements), the substantial evidence standard that is generally applicable to administrative determinations applies to disciplinary matters involving public employees under the statute (*see Matter of Rosenthal v Hartnett*, 36 NY2d 269, 274 [1975]; *Matter of Williams v Nicoletti*, 295 AD2d 353, 354 [2002]; *see also* 2003 NY Assembly Bill A5887 [the bill jacket in this failed effort to amend the statute to raise the level of proof to clear and convincing contains numerous memoranda acknowledging the standard as substantial evidence]).

Petitioner contends that it was error to admit into evidence a written statement that his girlfriend gave to police since the officer did not appear at the hearing. Civil Service Law § 75 (2) provides that "[c]ompliance with technical rules of evidence shall not be required" and it is settled that hearsay may be considered at hearings conducted under the statute (*see Matter of Correll v Bucci*, 19 AD3d 919, 920 [2005]; *Matter of Hoffman v Village of Sidney*, 252 AD2d 844, 845 [1998]; *Matter of Breu v Board of Educ. of Windsor Cent. School Dist.*, 215 AD2d 969, 970 [1995], *lv denied* 86 NY2d 708 [1995]). The officer who took the statement from the girlfriend did not testify. However, the girlfriend testified at the hearing, admitted making the statement and offered an explanation as to why she gave the officer information that she now contended was not an accurate account of what transpired. The admission and consideration of the statement was not error.

Substantial evidence supports the Hearing Officer's determination. The Hearing Officer was presented with evidence of several different versions of how the incident occurred. We defer to the Hearing Officer's credibility determinations (*see Matter of Sindoni v County of Tioga*, 67 AD3d 1183, 1184 [2009]; *Matter of Longton v Village of Corinth*, 57 AD3d 1273, 1274 [2008], *lv denied* 13 NY3d 709 [2009]) and, accepting those determinations, the record contains ample evidence of petitioner's actions to sustain the two charges.

We do, however, find merit in petitioner's assertion that termination was so disproportionate as to be shocking to one's sense of fairness (*see Matter of Senior v Board of Educ. of Byram Hills Cent. School Dist.*, 37 AD3d 610, 611 [2007]). Petitioner had been employed by the District for 20 years without any prior incidents of misconduct. The misconduct in question occurred off premises, it did not involve anyone associated with the school, and he did not hold a high profile job at the school. Moreover, even under the version of events found credible by the Hearing Officer, it is apparent that the girlfriend was

intoxicated, she instigated the physical conduct during their fight and she struck petitioner before he pushed her to the floor. The prosecutor determined not to pursue any criminal charges for the incident. Facin stated that the District pursued the disciplinary charges out of concern for the safety of the school, but he acknowledged that no school staff had indicated a concern about working with petitioner and no proof was introduced indicating that the students at the school were in any danger because of petitioner's presence. Although Facin further expressed concern since "everybody" knew about the incident because it is a "small community," there is no legal basis for making discipline more severe based on the size of the community. Clearly, any domestic violence is serious and the absence of the mitigating factors mentioned herein could justify termination. However, we find that, under these circumstances, termination is unduly disproportionate.

Mercure, A.P.J., Spain, Stein and McCarthy, JJ., concur. Adjudged that determination is modified, without costs, by annulling so much thereof as imposed a penalty of termination of employment; petition granted to that extent and matter remitted to respondents for imposition of a less severe penalty; and, as so modified, confirmed.