Kavanagh, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which terminated petitioner’s employment.
Petitioner was employed as a custodian for the City School District of Albany when, in 2009, police responded to his home in connection with a domestic violence complaint. After petitioner was placed under arrest, the police found on his person SVb grams of crack cocaine. As a result of the circumstances which led to his arrest, and the seizure of illegal drugs from his person, petitioner was charged by the school district with engaging in “conduct unbecoming a [s]chool [district employee and misconduct.” A hearing was scheduled and, pursuant to Civil Service Law § 75, petitioner was advised in writing of the identity of the Hearing Officer who was appointed to preside over the proceedings. After the hearing, a report was issued in which the Hearing Officer found petitioner guilty of misconduct and recommended his dismissal as a school district employee. Respondent adopted the Hearing Officer’s recommendation by resolution and petitioner’s employment was terminated. Petitioner then commenced this CPLR article 78 proceeding.
Petitioner initially argues that the Hearing Officer’s appointment was invalid because respondent failed to provide him with the official notice of the Hearing Officer’s designation. Civil Service Law § 75 (2) requires that a hearing upon charges of misconduct “shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose” (see Matter of Gardner v Coxsackie-Athens Cent. School Dist. Bd. of Educ., 92 AD3d 1093, 1094 [2012], appeal dismissed and lv dismissed 19 NY3d 917 [2012]). We have held that “the requirements of Civil Service Law § 75 (2) are satisfied by a written record of such designation, such as . . . a letter to the hearing officer advising him or her that the official designation has taken place” (Matter of Arthur v Soares, 95 AD3d 1619, 1620 [2012]; see Matter of Stafford v Board of Educ. of Mohonasen Cent. School Dist., 61 AD3d 1259, 1260 [2009], lv denied 13 NY3d 704 [2009]). Here, petitioner was provided a copy of the December 3, 2010 letter from respondent’s interim superintendent informing the Hear *1098 ing Officer that he had been appointed by respondent to preside over the hearing pursuant to Civil Service Law § 75. This letter, along with other exhibits, including respondent’s December 2, 2010 resolution appointing the Hearing Officer, constituted a written record sufficiently documenting the validity of the Hearing Officer’s appointment and satisfied the relevant provisions of Civil Service Law § 75 (2) (see Matter of Stafford v Board of Educ. of Mohonasen Cent. School Dist., 61 AD3d at 1260).
Nor are we persuaded by petitioner’s claim that he was denied due process because he did not receive adequate notice of the charges that had been filed against him. Due process requires that “a notice of charges must reasonably apprise the accused of the claim being made so that an adequate defense may be mounted,” and any disciplinary determination must address the accusations as set forth in this statement of charges (Matter of Benson v Board of Educ. of Washingtonville Cent. School Dist., 183 AD2d 996, 997 [1992], lv denied 80 NY2d 756 [1992]; see Matter of Brown v Saranac Lake Cent. School Dist., 273 AD2d 785, 785 [2000]). The written notice charging petitioner with misconduct stated that the allegations were based on circumstances that resulted in his arrest and the seizure by the police of crack cocaine from his person at the time of his arrest. While evidence was presented at the hearing regarding petitioner’s past criminal record and other employment issues, that evidence was relevant to determine the penalty to be imposed if petitioner was found guilty of the charges filed against him.
Respondent’s determination that petitioner was guilty of misconduct is also supported by substantial evidence (see Matter of Gibson v Board of Educ. for the City School Dist. of Albany, 96 AD3d 1120, 1121 [2012]; Matter of James v Hoosick Falls Cent. School Dist., 93 AD3d 1131, 1133 [2012]). Contrary to petitioner’s contention, hearsay evidence is admissible in such administrative proceedings (see Matter of James v Hoosick Falls Cent. School Dist., 93 AD3d at 1133). Moreover, even without such evidence, petitioner’s handwritten letter to the school district in which he admitted that he possessed crack cocaine at the time of his arrest, his plea of guilty to aggravated harassment in the second degree in connection with the domestic violence incident and his testimony at the hearing confirming that he possessed and used crack cocaine provided substantial evidence to support the finding that he engaged in misconduct while an employee of the school district.
Finally, we do not find that the penalty imposed — termination — is “so disproportionate to the offense . . . as to be shocking to one’s sense of fairness” (Matter of Correll v Bucci, 19 *1099 AD3d 919, 921 [2005] [internal quotation marks and citation omitted]; see Matter of Gibson v Board of Educ. for the City School Dist. of Albany, 96 AD3d at 1120). There is no dispute that petitioner possessed and used cocaine while employed by the school district. While he denied at the hearing ever using cocaine while actually working as a custodian, it is self-evident that allowing someone addicted to such an illegal substance to have daily contact with students is incompatible with their best interests. Petitioner’s possession and use of crack cocaine, coupled with the other incidents of misconduct that occurred during the 10-year period he was employed by the school district, including numerous arrests for drug related offenses,* provided ample justification for the decision that he be terminated.
Mercure, J.E, Spain and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 While petitioner entered and successfully completed a drug rehabilitation program after his arrest, evidence was presented that he was again charged with possession of illegal drugs. When questioned about the circumstances surrounding this subsequent arrest at the hearing, petitioner invoked his Fifth Amendment right against self-incrimination.