# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**990**

**TP 15-00290**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF BRIAN D. GAFFNEY, PETITIONER,

V                                          MEMORANDUM AND ORDER

SHARON ADDISON, CITY MANAGER, RESPONDENT.

---

BOUSQUET HOLSTEIN, PLLC, SYRACUSE (LAWRENCE M. ORDWAY, JR., OF COUNSEL), FOR PETITIONER.

SLYE & BURROWS, WATERTOWN (ROBERT J. SLYE OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Jefferson County [James P. McClusky, J.], entered January 29, 2015) to annul a determination of respondent. The determination terminated the employment of petitioner.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination finding him guilty of misconduct based upon actions constituting insubordination and terminating his employment as chief operator of the water treatment plant for the City of Watertown (City). The charges arose when petitioner's supervisor made a certain operational decision, and petitioner reported the decision to the New York State Department of Health (DOH) without notifying his supervisor, thereby allegedly violating prior directives concerning the chain of command. According to petitioner's supervisor, petitioner subsequently stated that he had intended for DOH to "intervene" in the operational decision, and that, given the same circumstances, he would take the same action again in reporting the decision to DOH.

Contrary to petitioner's contention, the determination that he engaged in insubordination is supported by substantial evidence (*see Matter of Longton v Village of Corinth*, 57 AD3d 1273, 1274, *lv denied* 13 NY3d 709; *Matter of Scazafavo v Erie County Water Auth.*, 30 AD3d 1034, 1035, *lv denied* 7 NY3d 714), i.e., by "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180). In addition, substantial evidence supports the finding of the Hearing Officer, which respondent adopted, that

petitioner failed to make a good faith effort to notify the City of the information to be disclosed and, therefore, petitioner's disclosure to DOH was not protected by Civil Service Law § 75-b (*see* § 75-b [2] [b]; *Moore v County of Rockland*, 192 AD2d 1021, 1024; *see generally Matter of Coombs v Village of Canaseraga*, 247 AD2d 895, 896).  Although petitioner contends that such an effort would have been futile (*see Tipaldo v Lynn*, 48 AD3d 361, 362), we conclude that his testimony to that effect merely raised an issue of credibility that the Hearing Officer was entitled to resolve against him (*see generally Matter of Dinnocenzo v Staniszewski*, 270 AD2d 840, 841).

Finally, we conclude that the penalty of termination is not " 'so disproportionate to the offense as to be shocking to one's sense of fairness' " and thus does not constitute an abuse of discretion as a matter of law (*Matter of Kelly v Safir*, 96 NY2d 32, 38, *rearg denied* 96 NY2d 854; *see Matter of Short v Nassau County Civ. Serv. Commn.*, 45 NY2d 721, 722-723), particularly in light of petitioner's statement that he would take the same action again if he were placed in the same situation (*see Matter of Winters v Board of Educ. of Lakeland Cent. Sch. Dist.*, 99 NY2d 549, 550).

Entered:  October 9, 2015                    Frances E. Cafarell
                                             Clerk of the Court