■ In the Matter of THOMAS FIELD, Petitioner, v BOARD OF EDUCATION, YONKERS PUBLIC SCHOOLS DISTRICT, Respondent. [49 NYS3d 472]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Education, Yonkers Public Schools District, dated September 12, 2013, which adopted the recommendation of a hearing officer dated July 22, 2013, made after a hearing, finding the petitioner guilty of misconduct, insubordination, and incompetence, and terminated his employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner commenced this CPLR article 78 proceeding challenging a determination terminating his employment as a custodian at a middle school in Yonkers. The termination was recommended by a hearing officer who presided over a disciplinary hearing held in connection with charges that the petitioner had engaged in ʼacts of misconduct, insubordination, and incompetence, and was adopted by the Board of Education, Yonkers Public Schools District.

Contrary to the petitioner's contention, the proper standard of review in this matter is the substantial evidence standard. The petitioner's claim that the proper standard of review should be a fair preponderance of the evidence is without merit. That standard applies when the penalty of dismissal is accompanied by some added stigma (*see Matter of Miller v De-Buono*, 90 NY2d 783, 794 [1997]). Here, no such added stigma is present since the petitioner's termination neither bars him from seeking future employment as a custodian nor subjects him to a requirement that his name be placed on a public registry (*see Matter of Lebron v Village of Spring Val.*, 143 AD3d 720 [2016]; *Matter of Agnew v North Colonie Cent. School Dist.*, 14 AD3d 830, 831 [2005]). Applying the substantial evidence standard, we find that the hearing officer's determination is supported by substantial evidence in the record (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]).

The petitioner's contention that the charge and specifications provided insufficient notice of the charges against him is without merit. The specifications, along with the bill of particulars and the report prepared by the Yonkers Public Schools District Director of District Safety & Security, were reasonably specific, in light of all the relevant circumstances, to apprise the petitioner of the charges against him and to allow for the preparation of an adequate defense (*see Matter of Block v Ambach*, 73 NY2d 323, 332 [1989]; *Matter of Lebron v Village of Spring Val.*, 143 AD3d at 721; *Matter of Zlotnick v City of Saratoga Springs*, 122 AD3d 1210, 1211-1212 [2014]).

Finally, the penalty imposed was not so disproportionate to the misconduct as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233-234 [1974]; *Matter of Overton v Board of Educ. of the Yonkers City School Dist.*, 72 AD3d 1094 [2010]). Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.