Matter of Marentette v City of Canandaigua (2018 NY Slip Op 01764)





Matter of Marentette v City of Canandaigua


2018 NY Slip Op 01764


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


263 TP 17-01816

[*1]IN THE MATTER OF MARK MARENTETTE, PETITIONER,
v
CITY OF CANANDAIGUA AND JOHN GOODWIN, ASSISTANT CITY MANAGER APPOINTING AUTHORITY, RESPONDENTS. 






TREVETT CRISTO P.C., ROCHESTER (MICHAEL T. HARREN OF COUNSEL), FOR PETITIONER.
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Ontario County [William F. Kocher, A.J.], dated October 13, 2017) to annul a determination terminating petitioner from the position of Fire Chief of respondent City of Canandaigua. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination finding him guilty of disciplinary charges and terminating his employment as Fire Chief for respondent City of Canandaigua (City) following a hearing pursuant to Civil Service Law § 75. The Hearing Officer found that petitioner committed acts of insubordination inasmuch as he repeatedly violated the directive of his superior, the City Manager, by making unauthorized entries on his subordinates' time sheets, and that petitioner committed acts of incompetence by authorizing the expenditure of public funds on several occasions in violation of the City's procurement policies. Although the Hearing Officer recommended that petitioner be demoted, respondents determined that termination was warranted given the gravity of the misconduct, petitioner's disciplinary record, previous unsuccessful attempts at remediation, and the loss of trust in petitioner.
We reject petitioner's contention that preponderance of the evidence is the applicable evidentiary standard in this case. It is well established that substantial evidence is generally the applicable evidentiary standard for disciplinary matters involving public employees under Civil Service Law § 75, and that due process requires application of the preponderance of the evidence standard only "when the penalty of dismissal is accompanied by some added stigma" (Matter of Suitor v Keller, 256 AD2d 1140, 1140 [4th Dept 1998]; see Matter of Miller v DeBuono, 90 NY2d 783, 794 [1997]; Matter of Field v Board of Educ., Yonkers Pub. Sch. Dist., 148 AD3d 702, 703 [2d Dept 2017]; Matter of James v Hoosick Falls Cent. Sch. Dist., 93 AD3d 1131, 1132-1133 [3d Dept 2012]). Here, we conclude that no such stigma is present inasmuch as "[n]othing in the record suggests that, as a result of the termination of his employment as [Fire Chief] with the [City], the petitioner is [effectively] prohibited from obtaining future . . . employment [as a firefighter or an officer of a fire department], or that he is subjected to a public registry of any sort" (Matter of Lebron v Village of Spring Val., 143 AD3d 720, 722 [2d Dept 2016]; see Field, 148 AD3d at 703; Suitor, 256 AD2d at 1140; cf. Miller, 90 NY2d at 791-794).
Contrary to petitioner's further contention, the determination that he committed acts of insubordination and incompetence is supported by substantial evidence (see Matter of Gaffney v Addison, 132 AD3d 1360, 1360-1361 [4th Dept 2015]), i.e., by "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan [*2]Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Petitioner's exculpatory explanations for his conduct raised an issue of credibility that the Hearing Officer was entitled to resolve against him (see Gaffney, 132 AD3d at 1361; Matter of Civil Serv. Empls. Assn., Local #1000, AFSCME, AFL-CIO, by Local #854 v Tioga County, 288 AD2d 802, 804 [3d Dept 2001]; Matter of Dinnocenzo v Staniszewski, 270 AD2d 840, 841 [4th Dept 2000]).
Finally, petitioner contends that termination of his employment was unjustified under the circumstances. "Our review of the penalty, however, is extremely limited; we do not have any discretionary authority or interest of justice jurisdiction in reviewing the penalty imposed' " (Matter of Oliver v D'Amico, 151 AD3d 1614, 1618 [4th Dept 2017], quoting Matter of Kelly v Safir, 96 NY2d 32, 38 [2001], rearg denied 96 NY2d 854 [2001]). We conclude that the penalty of termination is not " so disproportionate to the offense[s] as to be shocking to one's sense of fairness,' " and thus does not constitute an abuse of discretion as a matter of law (Kelly, 96 NY2d at 38), particularly in light of petitioner's conduct underlying the charges and his history of disciplinary infractions during his tenure as Fire Chief (see Matter of Short v Nassau County Civ. Serv. Commn., 45 NY2d 721, 722-723 [1978]; Matter of Shafer v Board of Fire Commr., Selkirk Fire Dist., 107 AD3d 1229, 1231 [3d Dept 2013]; Matter of Barhite v Village of Medina, 23 AD3d 1114, 1115 [4th Dept 2005]; Dinnocenzo, 270 AD2d at 840-841).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court